CATHERINE L. FINNEGAN *vs.* UNITED ELECTRIC
RAILWAYS Co.

JUNE 6, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This action of trespass on the case for negligence is brought to recover damages for personal injuries. Plaintiff was riding in an automobile which was being operated by her husband. The automobile and defendant's trolley car collided and plaintiff was injured. After trial in the Superior Court the jury returned a verdict for the plaintiff for $2,000. Defendant made a motion for a new trial on the grounds that the verdict was against the law and the weight of the evidence and that the damages awarded by the jury were excessive.

The trial justice filed a rescript in which he analyzed the testimony and concluded by saying that the plaintiff was not guilty of contributory negligence and that he could not say that the verdict was against the weight of the evidence on the issue of negligence. He also said he was of the opinion that the damages were clearly excessive and in justice to the defendant granted a new trial on all the issues.

Plaintiff has brought the case to this court on exception to this decision. She claims (1) that the damages were

not excessive; (2) that the trial justice should have given the plaintiff an opportunity to remit so much of the verdict as he adjudged to be excessive before ordering a new trial. The exception must be sustained on the second ground.

The statute provides that a verdict shall not be set aside as excessive by the Supreme Court or the Superior Court until the prevailing party has been given an opportunity to remit so much thereof as the court adjudges excessive. § 5120, G. L. 1923. In construing this statute we have held that when the trial justice has determined that a verdict is excessive he should fix the amount of the remittitur before granting a new trial. *Marsella* v. *Simonelli*, 43 R. I. 153; *Whitman* v. *City of Providence*, 44 R. I. 33; *Pepper* v. *Lee, C. T.*, 114 Atl. 10.

It is necessary for a trial justice to comply with the requirements of this statute to the end that the right of each party to an exception may be preserved. If the trial justice grants a new trial upon plaintiff's refusal to file a remittitur, plaintiff may claim an exception to this ruling. If the plaintiff files a remittitur, defendant may claim exceptions not only as to the amount of the damages fixed by the remittitur but also to the denial of his motion for a new trial on the other grounds alleged therein.

Defendant has argued that the verdict is against the evidence on the question of liability. This question cannot be considered by us at this time because defendant has no exception before us. It could take no exception because the trial justice granted its motion for a new trial on all issues in the case.

The case is remitted to the Superior Court with direction to give plaintiff an opportunity to remit so much of the verdict as the court shall deem to be excessive before granting a new trial.

*Taft & Beane,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney,* for defendant.