OHAN DOLBASHIAN Ex. *vs.* RHODE ISLAND HOSPITAL TRUST COMPANY.

JULY 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is an action of assumpsit in which a jury returned a verdict for the defendant and answered special findings. The case is before this court on plaintiff's exceptions. No motion for a new trial was made by the plaintiff and consequently he cannot claim that the verdict is against the weight of the evidence or the law as given to the jury by the trial justice.

This action is brought to recover $3,000.66, the amount of a deposit in defendant's savings department in the name of Bedros Dolbashian and which belonged to him at the time of his decease. He died November 26, 1926, leaving a will which was duly admitted to probate by the Probate Court of the City of Providence. Ohan Dolbashian was appointed executor of the will on January 4, 1927, and duly qualified as such.

May 24, 1927, the defendant received from the Union Dime Savings Bank of New York the pass book it had issued to Bedros Dolbashian for his deposits and a withdrawal order on a form furnished by the savings bank and purporting to be signed by Bedros Dolbashian. An officer of the bank, after comparing the signature of Bedros Dolbashian on this withdrawal order with his signature on its signature card, and the signatures appearing to be the same, forwarded the full amount of the deposit to the Union Savings Bank in New York where a person presenting the pass book had opened an account by depositing $100 in cash. At this time the defendant had no knowledge or notice that Bedros Dolbashian had been dead for nearly six months. The funds received by the Savings Bank were deposited to this account but were later withdrawn, and the account was closed July 11, 1927.

August 18, 1928, Ohan Dolbashian filed his final account as executor. The account was allowed by the probate court December 18, 1928. The deposit of Bedros Dolbashian in defendant's bank was not accounted for by his executor. A petition was presented to the probate court praying for the removal of the executor. He resigned and

the present plaintiffs were appointed administrators d. b. n. December 13, 1929.

At the close of the trial, the jury returned a general verdict for the defendant and also found specially (1) that the signature on the withdrawal order did not indicate such dissimilarity as to charge the defendant with lack of reasonable care and caution in paying money on the withdrawal slip; (2) that the money paid by the defendant to the Union Dime Savings Bank of New York did finally come into the control and possession of Ohan Dolbashian while he was executor of the estate of Bedros Dolbashian.

Plaintiff has urged many exceptions but, as our conclusion on his fifteenth exception is decisive of the case, his other exceptions become immaterial and it is unnecessary to consider them.

The fifteenth exception is to the portion of the charge in which the court said that, if the defendant made this payment (to the Union Dime Savings Bank) and the money actually came into the control and possession of the then executor of the estate of Bedros Dolbashian, then it was a good payment and defendant was not liable. This is a correct statement of the law applicable to the evidence in the case.

Defendant produced testimony tending to prove that Ohan Dolbashian, while acting as executor of the will of Bedros Dolbashian, opened an account in the Union Dime Savings Bank and subsequently withdrew the money in that account, including the $3,000.66 which had been forwarded to it by the defendant. Ohan Dolbashian testified as a witness in the case and did not deny that he had received the money.

Upon the qualification of Ohan Dolbashian as executor of the estate of Bedros Dolbashian, if he had appeared at defendant's bank and had produced a certificate of his qualification and the pass book issued by defendant to Bedros Dolbashian, he would have been entitled to receive the amount due as shown by the book. *Palmer* v. *Providence Inst. for Savings,* 14 R. I. 68. It is unnecessary

for the court to determine the motive of Ohan Dolbashian in going to New York and there opening an account with a bank and giving an order on defendant purporting to be signed by Bedros Dolbashian, giving his pass book issued by defendant to secure the transfer of the deposit to his account in the bank there and subsequently withdrawing the money, when he personally could have withdrawn the money from defendant bank. *Sumner, Ex.* v. *Providence Inst. for Savings,* 28 R. I. 467.

The case of *Walker* v. *Portland Savings Bank,* 93 Atl. (Me.) 1025, cited by plaintiff, is to be distinguished from the present case because it appears that the money was paid by the defendant bank upon a forged order before the forger became administrator of the estate of the person whose name he had forged, while in the case at bar it could be argued that the executor was authorized to sign the name of his testator and consequently did not forge his signature and that, while executor, he received the money due his testator's estate. The executor did not deny that he had received the money. The jury found that he did receive it, and it would be unjust to compel defendant to again pay the money

Plaintiff's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Flynn & Mahoney, James W. Leighton, Dickran H. Boyajian, Henry M. Boss, Jr., Jasper Rustigian,* for plaintiff.

*Tillinghast & Collins, Harold E. Staples, Horace E. Weller,* for defendant.