Rose A. Reynolds *vs.* Julius M. Davis.

APRIL 2, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Sweeney, J.    This is an action of the case for negligence in which the jury returned a verdict for the plaintiff for $6,000 and found specially that the vision of plaintiff's right eye had been permanently injured by the use of oxalic acid.

Defendant operates a drug store and his clerk negligently delivered to the plaintiff some oxalic crystals instead of boric crystals to make a solution to bathe her eye.

When considering defendant's motion for a new trial on the ground that the verdict was against the weight of the evidence and that the damages were excessive, the trial justice said that defendant admitted liability; that the only issue was the extent of the injury to plaintiff's eye; that "she has failed to prove by the burden imposed upon her that she is entitled to the award made to her" and granted defendant's motion for a new trial on the issue of damages only, because he felt that the jury were influenced by sympathy for plaintiff.   The case is before this court on plaintiff's exception to this decision.

The exception must be sustained because the trial justice did not comply with §5120, G. L. 1923, which provides, in part, that: "A verdict shall not be set aside as excessive by the supreme or the superior court until the prevailing party has been given opportunity to remit so much thereof as the court adjudges excessive." When the trial justice is of the opinion that for any reason—sympathy or miscon-

ception of the evidence—the damages awarded by the jury are excessive, he must fix the amount he thinks the jury should have awarded in order to do substantial justice between the parties. *Finnegan* v. *United Electric Rys. Co.*, 52 R. I. 296.

The case is remitted to the Superior Court with direction to give plaintiff an opportunity to remit so much of the verdict as the court shall deem to be excessive before granting defendant's motion for a new trial on the issue of damages.

*Comstock & Canning, Edward M. Brennan, George A. Johnson*, for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.*, for defendant.