ROSE A. REYNOLDS *vs.* JULIUS M. DAVIS.

JUNE 28, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J. This is an action of trespass on the case for negligence on the part of the defendant in selling and delivering to the plaintiff oxalic acid instead of boric acid and labeled as such. The plaintiff, who was then thirty-five years of age, made a solution of this in water and applied it to her right eye as a lotion. She claims that this caused her a great deal of pain and resulted in the loss of practically all useful sight in that eye, considerable impairment of her health otherwise and some expense.

She testified to these things and, in particular, that before the time of the application of this solution she had always had normal sight in that eye, and she gave many specific instances of its use up to that time which were entirely inconsistent with its vision being substantially impaired. This testimony was to a considerable extent corroborated by that of her sister. An expert toxicologist testified that such a solution of oxalic acid was a corrosive poison, harmful to human tissues, and stated his opinion that it would be harmful to the eye, because of its corrosive effect, though he had no special experience or data as to its effect on the tissues of the eye. An eye expert gave similar testimony and also testified that when he examined the plaintiff's eye, about a month after the application of the acid, he found a

healing ulceration and a scar, which might have been caused by the acid and might have impaired the vision of the eye.

On the other hand, three eye experts who had examined the plaintiff's eye, one of them the next evening after the use of the oxalic acid solution and the others at various intervals later, testified that when they made their examinations the vision of the eye was permanently impaired to such an extent as to be practically useless, but that in their opinion this condition had not been caused by the use of the acid and had existed for many years.

At the conclusion of the trial, the jury found a verdict for the plaintiff and assessed her damages at $6,000. It also answered in the affirmative the following special question: "Was the vision of the plaintiff's right eye permanently impaired by the application of oxalic acid?" Upon the defendant's motion for a new trial the trial justice ruled that the damages awarded were excessive and, without giving the plaintiff an opportunity to file a remittitur, ordered a new trial on the sole question of damages. To this decision the plaintiff filed an exception on the ground that no opportunity had been given to her to file a remittitur, and that exception was sustained by this court on that ground in *Reynolds* v. *Davis*, 54 R. I. 185.

When the case was returned to the superior court, the trial justice ruled that all damages above $4,000 were excessive and granted the defendant's motion for a new trial unless the plaintiff within ten days thereafter should remit all of the verdict above $4,000, otherwise the motion to be denied. The plaintiff filed a remittitur accordingly and the case is now in this court on the defendant's bill of exceptions, which sets forth three exceptions to rulings of the trial justice as to the admission of certain testimony, one as to certain language used by him in his charge to the jury, and one to his denial of the defendant's motion for a new trial upon the filing of the plaintiff's remittitur. On this last exception the defendant does not deny his liability for

*some* damages, but urges that the amount of damages, though reduced to $4,000 by the ruling of the trial justice and the remittitur by the plaintiff, is still too large to be supported by the evidence.

The first exception was not relied upon before us. The second and third were to the admission of the testimony of Franklin N. Strickland that a water solution of oxalic acid crystals of the approximate strength used by the plaintiff in her eye was a dangerous, poisonous, corrosive substance, when applied to human tissues in general, and that because of its corrosive effect, it would be harmful to the tissues of the eye. The defendant's objection was to this latter testimony and was based on the ground that the witness was not qualified as an expert to give such opinion evidence because he had had no experience or information as to the effect of such a solution upon the tissues of an eye.

The trial justice ruled that he was qualified to give such evidence because he was a trained toxicologist of long experience, who had studied the subject of *materia medica* and taught it for several years and had investigated and was well acquainted with the effect of such a solution upon other human tissues. In our judgment, there was sufficient evidence to justify the trial justice in so ruling, especially in view of the facts, shown by the evidence, that the witness's experience had covered the effect of solutions of oxalic acid upon other human tissues, including the skin, and that the tissues of the human eye are soft and very sensitive. These exceptions are therefore overruled.

The defendant's fourth exception is to a portion of the charge to the jury in which the trial justice said: "These parties have come into court here; they have not been able to adjust their differences themselves and they are both high type of people." The defendant's counsel insist that this "is tantamount to a statement that the plaintiff is the type of person who would tell the truth," and argue that this was probably prejudicial to the defendant because the amount of damages which the plaintiff was entitled to

recover upon the evidence depended mainly upon her own testimony.

It is true that the amount of recoverable damages did depend mainly upon her testimony and that her veracity was a vital element in the case. But the comment of the trial justice upon the type of persons to which the. parties belonged fell far short of a statement that in his opinion the plaintiff's testimony should be accepted by the jury as veracious. Moreover, in this state under G. L. 1923, chapter 323, section 20, a trial justice has considerable latitude in commenting to the jury on the evidence, provided that he makes it perfectly clear to them that in arriving at their verdict the responsibility of determining the credibility and weight of the evidence is upon them alone.

In the instant case, the trial justice, after the above-quoted comment to the jury as to the type of the parties immediately added these words: "You have seen them on the witness stand and you have been able to judge for yourself what kind of people they are. Test out the testimony on both sides with reference to its probability, any motive or interest that may have induced any particular witness in telling a story such as he did. You can adopt the story that the witnesses have told you, you can reject it entirely, or you can adopt some portion of it and reject the rest of it—it depends on how it strikes you—as to whether or not the plaintiff has substantiated her case by an overweight or overbalance of the testimony."

In view of this added language we are satisfied that his previous comment on the parties was not error prejudicial to the defendant. This disposes of the fourth exception.

This leaves only the exception to the final ruling of the trial justice on the defendant's motion for a new trial, an exception which rests entirely on the defendant's contention that the amount of damages, even as reduced, by the decision of the trial justice and the remittitur by the plaintiff, to $4,000, was still excessive and not supported by the

evidence. There was an irreconcilable conflict between the testimony of the plaintiff and that of her sister and some of the expert testimony on one side and the rest of the expert testimony on the other side, as to whether the sight of her right eye was permanently ruined by the application of the oxalic acid solution or had been substantially useless for a long time before. But the jury, as above stated, returned a special finding that the vision of the plaintiff's eye was permanently impaired by the application of oxalic acid.

Upon consideration of the evidence, we cannot find that the jury were not warranted in believing the plaintiff's. testimony, and if her testimony be accepted as true, we cannot find that the reduced amount of damages, sustained as it has been by the decision of the trial justice, is not sufficiently supported by the evidence. This last exception also is overruled.

All the defendant's exceptions are overruled and the case is remitted to the superior court with direction to enter judgment upon the verdict as reduced by said remittitur.

*Comstock & Canning, Edward M. Brennan, George A. Johnson*, for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.*, for defendant.