Ernest A. Foster, *Adm'r vs.* Alvaro DeAndrade, Jr.

MARCH 23, 1959.

Present: Condon, C.J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This action of trespass on the case for negligence was brought by the plaintiff as administrator of the estate of Mary Nadolnik, deceased, under the provisions of general laws 1956, §10-7-1, of the Death by Wrongful Act statute. The case was tried in the superior court before a justice thereof sitting with a jury and resulted in a verdict for the plaintiff in the sum of $3,690.35. It is before us on the defendant's bill of exceptions to specific evidentiary rulings of the trial justice taken during the trial and also on what the plaintiff calls a general exception that the verdict was excessive and contrary to the law and the evidence and the weight thereof.

We shall refer only to the portion of the evidence which is pertinent to the issues that are properly before us. The

defendant has expressly waived exceptions numbered 1, 2, 3, 8, 9 and 10. Therefore, the only ones before us are 4, 5, 6, 7, 11, 12, and defendant's general exception.

The jury returned the verdict for plaintiff on January 30, 1958. Within seven days thereafter defendant filed his notice of intention to prosecute a bill of exceptions to this court. On March 13, 1958 he filed such a bill containing twelve specific exceptions to rulings made during the trial. On March 14, 1958, with the approval of the trial justice, he added the general exception that "the decision for plaintiff for $3690.35 is excessive and contrary to the law and the evidence and weight thereof."

We shall first consider defendant's general exception. Before doing so we point out, for the sake of accuracy, that this case resulted in a verdict for plaintiff, not a decision as defendant states in his general exception. It is clear from the record that defendant did not file a motion for a new trial. In such circumstances his objection to the verdict cannot be considered under such exception. *Dolbashian* v. *Rhode Island Hospital Trust Co.*, 53 R. I. 462, 463; *James* v. *R. I. Auditorium, Inc.*, 60 R. I. 405, 415.

There remains for our consideration defendant's exceptions to evidentiary rulings. It is undisputed that the decedent was struck by a motor vehicle operated by defendant on December 17, 1956 at 7:30 p.m. The accident occurred while she was crossing Lonsdale avenue at or near its intersection with Kendall street in the city of Central Falls. The decedent was taken to a hospital where she died on December 19, 1956.

In cross-examination plaintiff was asked by defendant's counsel whether he knew that defendant was tried in the district court at Central Falls. The trial justice sustained plaintiff's objection to such question. This is defendant's fourth exception. In our opinion such ruling was correct. The information sought by defendant was immaterial and irrelevant. Criminal proceedings are not a prerequisite to

an action based upon death by wrongful act. General laws 1956, §10-7-9. This exception is overruled.

In direct examination defendant was asked by his counsel whether or not he had been charged by the Pawtucket or Central Falls police with speeding in relation to the accident in question. The plaintiff's objection was sustained by the trial justice. Our ruling with respect to exception 4 applies with equal force to the instant exception 12. Such exception is therefore overruled.

Exception 5 relates to testimony by decedent's daughter, over defendant's objection, concerning a statement made to her by her mother at the latter's home about one-half hour before the accident. At the request of defendant, the trial justice ordered all of the witness' answer stricken with the exception of the following: "Well, she was a little bit tired. She said she was going to go to bed." The admission of this evidence was not prejudicial error. This is especially so since the record fails to disclose any exception by defendant to such ruling. The defendant's bill of exceptions contains an exception, which he has designated as exception 6, to the refusal of the trial justice to strike the whole answer, and although he has purported to brief this, there is no such exception in the transcript upon which we can pass. In any event, even if there were, it would be lacking in merit. Exception 5 is overruled.

Exception 7 also relates to testimony by decedent's daughter which the trial justice allowed over defendant's objection. Such testimony concerned a statement made to the daughter by her mother concerning the accident. The pertinent portion of the witness' answer is: "When she was getting closer to her street she said the car came on her so fast that she didn't know what happened afterwards." In our opinion this testimony was admissible as an exception to the rule against hearsay evidence. General laws 1956, §9-19-11. As we have already indicated, on the record here

the question of the weight to be given to such evidence is not before us. This exception is overruled.

Exception 11 is based on a ruling of the trial justice striking a portion of the defendant's answer to a question in direct examination. He was asked to tell exactly what the decedent did when he saw her just before the accident. The pertinent part of his answer is: "* * * to me it looked like she looked at the traffic on the other side and figured she could beat it." Upon the plaintiff's motion the trial justice ordered the part of the answer about her beating the traffic stricken. In our opinion this ruling was correct. The witness did not have personal knowledge of what was in the decedent's mind when he saw her. Therefore what he thought was a mere conclusion on his part, and hence was not competent evidence. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*John F. McBurney,* for plaintiff.

*Joseph V. Ortoleva,* for defendant.