277 A.2d 296.

LUIGI RUGGIERI, JR. *vs.* VENTALUME WINDOW & DOOR PRODUCTS, INC. *et al.*

MAY 12, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In this civil action for damages for injuries allegedly sustained as a result of a collision between an automobile owned and operated by the plaintiff and a truck owned by the corporate defendant and operated by the individual defendant a jury in the Superior Court reurned a verdict against each defendant for $502.40. Thereupon, the plaintiff moved for a new trial principally upon the ground that the verdicts were grossly inadequate. His motion was granted and a new trial was ordered solely on the question of damages. The defendants appealed.

In pursuing their appeal defendants do not suggest that on any reasonable view of the evidence the jury in finding for plaintiff could justifiably have fixed his damages at an amount as low as $502.40. Neither do they question the necessity for a new trial. Instead, they point to the disparity between the amount of the verdict and the evidence as to the damages sustained, and argue that the disproportion between the two is so substantial that it creates a "strong suspicion" that the awards were the result of a compromise on the question of liability. In that kind of a situation, their argument continues, fairness to both parties dictates that the submission to another jury should be on all of the factual issues in the case, rather than on the question of damages alone.

We recognize that a verdict which compromises the question of liability calls for an unconditional new trial, *Maklar v. Greene,* 106 R. I. 405, 261 A.2d 15; *Fitzgerald v. Rendene,* 98 R. I. 239, 201 A.2d 137; *Colantonio v. Ellinwood,* 96 R. I. 226, 190 A.2d 584; *Loughran v. McKenna,* 60 R. I. 453, 199 A. 302; *Sayegh v. Davis,* 46 R. I. 375, 128 A. 573. What is critical here initially, however, is not the rule, but whether defendants who did not urge the trial justice to apply it can now advance it on appeal as a ground for reversal. The general rule, of course, is that save in exceptional cases questions not raised, passed upon, and pre-

served for review at the trial court level will not be noted on appeal. *Hawkins* v. *Smith,* 105 R. I. 669, 679, 254 A.2d 747, 753; *Romeo* v. *Cranston Redevelopment Agency,* 105 R. I. 661, 668, 254 A.2d 426, 436; *Hill* v. *Ogrodnik,* 83 R. I. 138, 145-46, 113 A.2d 734, 739. That principle operates to bar a party who has not moved for a new trial in the trial court from attacking a verdict on review on the ground that it is against the evidence or the law. *Gramolini* v. *Marzalkowski,* 102 R. I. 85, 88, 228 A.2d 537, 538; *Foster* v. *DeAndrade,* 88 R. I. 442, 444, 149 A.2d 713, 715; *James* v. *R. I. Auditorium, Inc.,* 60 R. I. 405, 415, 199 A. 293, 298; *Dolbashian* v. *R. I. Hospital Trust Co.,* 53 R. I. 462, 167 A. 262. We see no reason why the same principle should not apply here where defendants did not move for a new trial or elect some other procedure to obtain a ruling on the issue they now urge, but instead, apparently content with the jury's verdict, sat idly by while plaintiff challenged their verdicts on the ground of inadequacy. Now, after the trial justice has responded to plaintiff's claim that the awards were inadequate and granted him a new trial solely on the question of damages, defendants ask us to decide the case in their favor on the basis of an issue which they neither raised before the trial court nor properly preserved for review in this court. To permit this would sanction a departure from what has long been deemed a prerequisite to appellate review in this state and that cannot be countenanced. Any suggestions in *Maklar* v. *Greene, Fitzgerald* v. *Rendene* or *Loughran* v. *McKenna,* all *supra,* that this is one of those exceptional cases where an issue may be raised initially before this court are gratuitous and should not be considered precedential.

The defendants also argue that the trial justice should not have limited the new trial to damages without first affording them an opportunity to file additurs. Here they are on sounder ground than in their initial argument. The

controlling statute is G. L. 1956 (1969 Reenactment) §9-23-1 which in pertinent part reads:

> "A verdict shall not be set aside as excessive, *or inadequate,* by the supreme or superior court until the prevailing party has been given an opportunity to remit so much thereof as the court adjudges excessive, *or the losing party consents to such additur as the court may order."* (Italics ours.)

Until the italicized language was added to this enactment by P. L. 1940, chap. 946, sec. 1, it applied only to remittiturs and was construed as requiring a trial justice who found a verdict excessive to condition his order for a new trial upon a remittitur of the excess. *Reynolds* v. *Davis,* 54 R. I. 185, 171 A. 925; *Finnegan* v. *United Electric Ry.,* 52 R. I. 296, 160 A. 784. There is nothing in the legislation as amended in 1940 which suggests or even hints at a different construction when the inadequacy, rather than the excessiveness, of the damages is the reason for the granting of the new trial. The plaintiff, arguing to the contrary, focuses on the word "may" in the language providing for an additur. The word "may" as used there, however, obviously refers to the amount which the trial justice decides to order as the additur, rather than to whether he is required or merely permitted to fix an additur. With respect to additurs, just as with respect to remittiturs, the legislative mandate to a trial justice is clear. When he is satisfied that the damages awarded are grossly excessive or inadequate, he must, before ordering a new trial because of the verdict's excessiveness or inadequacy, afford the plaintiff an opportunity to file a remittitur or extend to the defendant the right to consent to an additur. 1 Kent, *R. I. Civ. Prac.* §59.4 at 440.

The plaintiff refers to *Clark* v. *New York, N.H. & H. R.R.,* 33 R. I. 83, 80 A. 406; *Loughran* v. *McKenna, supra,* and argues that in neither of those cases was the order granting a new trial on the question of damages alone con-

ditioned upon affording the losing party an opportunity to consent to an additur. The procedure followed in those cases is of no assistance to plaintiff, however, for those decisions predated the 1940 amendatory legislation mandating an additur when the inadequacy of the damages is the reason for the new trial.

The defendants' appeal is sustained in part and the case is remitted to the Superior Court with direction to the trial justice before whom it was heard to condition his order granting a new trial upon affording the defendants an opportunity to consent to such additurs as he may order.

*Monti and Monti, Francis A. Monti, A. David Tammelleo,* for plaintiff.

*Gunning, LaFazia, Gnys & Selya, Bruce M. Selya, John E. Martinelli,* for defendants.