Gary O. PRESCOTT et al. d/b/a PSI

v.

Albert VERI et al.

No. 83–605–Appeal.

Supreme Court of Rhode Island.

April 14, 1986.

Neil P. Philbin, Charles A. Hirsch, Kirshenbaum & Kirshenbaum, Cranston, for plaintiffs.

Michael H. Feldhuhn, Thomas C. Angelone, Hodosh, Spinella & Angelone, Providence, for defendants.

## OPINION

SHEA, Justice.

The matter before the court arises out of a real estate purchase-and-sale agreement. On October 6, 1978, the plaintiffs, Gary O. Prescott and Harold Shein, partners doing business as PSI (PSI), executed a written purchase-and-sale agreement with the defendants, Albert and Linda Veri (Veri). The Veris made a deposit of $10,000 toward the purchase of the property, but there was never a closing on the property. PSI filed suit in Superior Court to recover damages arising from the Veris' failure to comply with the terms of the agreement by failing to purchase the property. The Veris counterclaimed for the return of their deposit. At the close of PSI's case the Veris moved for a directed verdict. The trial justice reserved ruling on the motion and submitted the case to the jury. The jury returned with a verdict for the Veris on both the claim and the counterclaim. Following the jury verdict, the trial justice then directed a verdict for the Veris. We affirm.

The purchase-and-sale agreement was made contingent upon PSI's acquiring title to the property from a third party on or before January 8, 1979. The pertinent portions of the agreement state:

*"This agreement is conditioned upon Seller's obtaining title* to the said premises from the Wheeler School *on or before January 8, 1979.* In the event that Seller does not take title on or before said date (or on another date agreed upon between the parties), then Seller shall have the right to repay the deposit to Buyer and declare that all rights and obligations of the parties hereto shall cease.

\*    \*    \*    \*    \*    \*

"It is further agreed by and between the parties hereto as follows:

1. *The deed is to be delivered* and the consideration paid \* \* \* *on January 8, 1979* at 2:00 o'clock p.m. unless full performance of said obligation shall have taken place prior to that time or *unless the parties hereto shall have agreed on a different time and place for the closing.*

\*    \*    \*    \*    \*    \*

4. *If the Seller shall be unable to give title* or make conveyance *as hereinbefore provided,* at the option of the Buyer, *all payments made by the Buyer under this agreement shall be forthwith refunded* and all rights and obligations of either party hereto shall thereafter cease." (Emphasis added.)

Between October 6, 1978, and January 8, 1979, PSI and the Veris had several conversations regarding the development of the property and the financing. It became apparent to PSI that it would be unable to take title to the property prior to the January 8 closing date. It was also apparent that the Veris were unsuccessful in obtaining financing prior to the closing date. PSI asserts that the closing date was moved to

January 26, 1979; this is the date upon which it obtained title to the property.

At trial, Albert Veri testified, as an adverse-witness, that he did not recall discussing the date of closing with PSI, "other than what was in the document." He also stated that he was never told that the closing date was being advanced to January 26, nor did he agree to extend the closing date. Veri, however, did request on three different occasions that PSI return his deposit.

Gary Prescott of PSI testified that he never requested that the January 8, 1979 closing date be postponed. When asked on crossexamination if he had notified the Veris that the closing was to take place on January 26th, Prescott answered in the negative. Prescott's partner, Harold Shein, testified that he had never discussed the property with the Veris until well after the January closing date.

At the conclusion of PSI's case, the Veris rested without presenting any evidence and moved for a directed verdict. They argued that "there was never any evidence put in that there was an agreement with a date for a continuance." Therefore, there had been no modification of the purchase-and-sale agreement. Consequently, the January 8 closing date was controlling, and PSI had breached the agreement by not obtaining title to the property prior to the January 8 closing date.

In response, PSI moved and was permitted to reopen the case to submit a letter from PSI's attorney, who had represented it in the real estate transaction. It was addressed to the Veris' attorney and was dated January 26, 1979. The letter stated in part that:

"[c]onfirming my telephone conversations with you, please be advised that Albert and Linda Veri are in default of their contract executed on October 6, 1978, in which the Veris agreed to purchase certain property * * *."

The trial justice, however, denied PSI's further request to reopen the case to permit PSI's attorney to testify.

The trial justice reserved ruling on the Veris' motion for a directed verdict and submitted the case to the jury. The jury returned with a verdict for the Veris on both the claim and the counterclaim, finding that there had been no breach on the part of the Veris and that they were entitled to the return of their deposit.

PSI contends that the trial justice erred in refusing to reopen to allow their attorney to testify about conversations he had had with the Veris' attorney relating to extending the closing date. PSI also asserts that the trial justice erred in granting the Veris' motion for a directed verdict by misapplying the statute of frauds.

We have consistently held that the decision concerning whether a party may be permitted to reopen its case to present additional evidence is within the sound discretion of the trial justice. These decisions will be disturbed on appeal only when an abuse of discretion is shown. *Marshall v. Tomaselli*, 118 R.I. 190, 372 A.2d 1280 (1977); *Oury v. Annotti*, 113 R.I. 506, 324 A.2d 325 (1974); *Vigneau v. La Salle*, 111 R.I. 179, 300 A.2d 477 (1973).

■ PSI made an offer of proof in response to the trial justice's denial of its motion to reopen the case. In the offer of proof, PSI stated that "if permitted, [PSI's attorney] would explain his letter of January 26, 1979, which is now in evidence." However, PSI did not make any offer to the trial justice relating to an agreement between the parties extending the closing date. This court has stated that an oral extension of time for the carrying out of a contract for the sale of real estate may be effective. *Berube v. Montgomery*, 463 A.2d 158, 160 (R.I. 1983). Nowhere in the record was there any evidence that the parties actually agreed to extend the closing date, and no offer was made that the new testimony would establish the making of such an agreement. Because PSI's purpose in offering this additional testimony was to prove that the parties agreed to an extension of time for the closing, the trial

justice did not abuse his discretion in refusing to reopen the case.

PSI also contends that the trial justice erred in directing a verdict for the Veris. In reviewing the granting or denial of a motion for a directed verdict, this court must do what the trial justice is called upon to do in the first instance. We review the evidence and all inferences reasonably flowing therefrom in the light most favorable to the nonmoving party. We do not consider the credibility of the witnesses or the weight of the evidence. If issues exist upon which reasonable persons might reach different conclusions, the motion should be denied. *Marcotte v. Harrison*, 443 A.2d 1225 (R.I. 1982); *Evans v. Liguori*, 118 R.I. 389, 374 A.2d 774 (1977).

The trial justice, after reviewing the evidence determined that because

"there's neither been a judicial admission during the course of this trial, [nor] * * a recitation in writing modifying the terms and agreement of the original agreement, that this Court finds that in order to postpone the closing date under this situation, there had to be a date agreed upon between the parties as to the performance of the condition precedent * * * any subsequent agreement as to the taking of the deed by the plaintiffs in this case, had to be in writing * * * therefore, since there's no writing,

there's no memorandum, there's no judicial admission * * * this Court must direct a verdict in favor of the defendants against the plaintiffs."

We have held that an oral extension of time for performance under a real estate agreement will be effective, in certain circumstances, to modify a written contract. *Berube v. Montgomery*, 463 A.2d 158 (R.I. 1983). Therefore, the trial justice's holding that there must be a writing to modify the original closing date was erroneous. However, while the reason given for directing the verdict was incorrect, our examination of the record leads us to the conclusion that there was absolutely no evidence that the parties agreed to extend the date for the closing, either in writing or orally. Consequently, a directed verdict was appropriate based upon this lack of any evidence of an agreement to extend.

For the foregoing reasons, the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.