

Kathleen Managhan, Newport, for plaintiffs.

James A. Ruggieri, Linda Buffardi, Rajaram Suryanarayn, Providence, for defendants.

## OPINION

SHEA, Justice.

This matter came before the Supreme Court on appeals filed by both parties. The plaintiff, Dorothy Allen (Dorothy), raises four issues. She asserts that the trial justice abused her discretion in failing to allow her to reopen her case and in granting the defendants' motion for a directed verdict. Dorothy also argues that the trial justice improperly interrupted cross-examination of a witness to instruct the jury on the issue of causation and improperly interrupted the plaintiffs' counsel during closing arguments. The defendants on appeal contend that the trial justice erred in conditionally granting the plaintiffs' motion for a new trial. For the reasons that follow, we vacate and remand for a new trial.

At trial evidence was presented establishing that on the morning of November 20, 1985, Dorothy was operating her motor vehicle on Broadway in Newport, Rhode Island. She was stopped in a line of traffic when suddenly she heard the screeching of brakes behind her. In the rearview mirror she saw

**Dorothy A. ALLEN and Michael Allen**

v.

**K. Megan SKELDING et al.**

**No. 92–511–Appeal.**

Supreme Court of Rhode Island.

Dec. 6, 1993.

an automobile bearing down on her. The plaintiff, still stopped in traffic, could not maneuver out of the way and was struck from behind by K. Megan Skelding, who was driving an automobile owned by Joni Auto Rentals, Inc. (defendants).

The drivers moved their cars to the side of the road. There was no visible damage to either vehicle, and although Dorothy was complaining of neck pains, no police officer was summoned to the scene. The two exchanged pertinent information, and Skelding drove off. Dorothy drove herself to the emergency room at Newport Hospital, still experiencing sharp pains in the left side of her neck and shoulder area, which pains ran down into her arm and back.

At the hospital, X rays were taken of the injured area, and Dorothy was given a cervical collar. No medication was prescribed for her. As a result of the pain she was experiencing, Dorothy notified her employer that she would be staying home for "a few days." Because of continuing pain, Dorothy underwent treatment with various chiropractors, orthopedists, and physical therapists up to the time of trial.

At the conclusion of plaintiffs' case defendants moved for a directed verdict on the grounds that plaintiffs had failed to establish a causal connection between the collision and Dorothy's injuries. The trial justice reserved judgment on the motion. The plaintiffs then made a motion to reopen their case to recall a medical witness on the issue of causation. The motion was denied. At the close of defendants' case plaintiffs again made a motion to reopen their case, which was denied. The defendants then renewed their motion for a directed verdict, and the trial justice again reserved judgment and sent the case to the jury. The jury awarded plaintiff Dorothy $2,500 on her claim for damages but awarded Michael Allen nothing on his claim for loss of consortium. Thereupon, at a separate hearing, the trial justice granted defendants' motion for a directed verdict. The plaintiffs then moved for a new trial, and the trial justice conditionally granted that motion.

We shall first consider plaintiffs' assertion that the trial justice erred in not allowing them to reopen their case since it is dispositive of this appeal.

In *Prescott v. Veri,* 507 A.2d 453 (R.I. 1986), this court stated:

"We have consistently held that the decision concerning whether a party may be permitted to reopen its case to present additional evidence is within the sound discretion of the trial justice. These decisions will be disturbed on appeal only when an abuse of discretion is shown." *Id.* at 455. *See also Marshall v. Tomaselli,* 118 R.I. 190, 372 A.2d 1280 (1977); *Oury v. Annotti,* 113 R.I. 506, 324 A.2d 325 (1974); *Vigneau v. La Salle,* 111 R.I. 179, 300 A.2d 477 (1973).

In this matter when plaintiffs had completed their case, defendants moved for a directed verdict, the trial justice reserved on the motion, and plaintiffs moved for leave to reopen. The plaintiffs sought to recall Dr. William Watkinson, a local physician who could have appeared fairly promptly. The trial justice denied plaintiffs' motion to reopen when it was initially made, when defendants had not yet begun the presentation of their case. She denied it again when it was made a second time at the close of defendants' case.

In denying plaintiffs' motion, the trial justice stated:

"I understand there's a hardship to the plaintiff operating here, but I've got to weigh the necessity of preserving the orderly court procedure, and defendant's right to assert its motion, and the defendant's right to require, and that the plaintiff comes forward and establish all of the elements, and present all the testimony, that it can in its case in chief."

■ The trial justice's wish to preserve orderly court procedure is understandable, and we do not wish to denigrate its importance. However, the prejudice that resulted to these plaintiffs was severe. It became, in fact, the basis for granting the motion for directed verdict. We must conclude that it was an abuse of discretion to deny the motion to reopen in this situation since the granting of it would have resulted in only minimal trial dislocation. The testimony of-

fered, if the plaintiffs had been allowed to reopen, in all likelihood would have warranted a denial of the motion for directed verdict.

■ Since the case will be retried, we need not address the other issues raised pertaining to the trial justice's remarks during cross-examination of a defense expert witness and during counsel's closing arguments. We do, however, note that before granting a new trial on damages, a trial justice is required to allow the nonmoving party an opportunity to assent to an additur. *See Ruggieri v. Ventalume Window & Door Products, Inc.,* 108 R.I. 514, 277 A.2d 296 (1971).

For these reasons the plaintiffs' appeal is sustained, the judgment and order appealed from are vacated; the defendants' cross-appeal is denied, and the case is remanded to the Superior Court for a new trial on all issues.

FAY, C.J., did not participate.