GEORGE A. SHELTRA *vs.* MARY A. O'ROURKE.

JUNE 12, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit to recover the balance due the plaintiff on a written contract to build a house on a cost plus ten per cent basis. The case was tried in the Superior Court by a justice sitting without a jury. Said justice rendered decision for the plaintiff for $4,245.79 and the case is before us on the defendant's exceptions to the admission and exclusion of evidence. The action was brought against Mary A. O'Rourke and her husband, but a nonsuit was entered as to the husband leaving the wife the only defendant in the case.

By said agreement the plaintiff agreed to furnish the labor and materials and complete the house within "about ninety days;" and Mary A. O'Rourke agreed to provide the money to pay all bills, including pay rolls, as they became due. Said O'Rourke failed to keep her agreement in this respect. After the plaintiff had paid out considerable of his own money for labor and materials he stopped the work because of lack of funds. Finally after a delay of many weeks the defendant having no funds to advance, requested the plaintiff's aid in securing a mortgage. The plaintiff arranged with a bank for a mortgage, but it was necessary for him to obtain a release of all liens before the bank would advance money on the mortgage.

It is apparent that the failure of the defendant to keep her agreement to furnish money to pay the bills was the cause for the delay in completing the house. No complaint was made as to materials or workmanship until the plaintiff insisted on obtaining the balance due him. At the trial the defendant sought to recoup for loss of rent and for alleged defects in workmanship and materials.

The first exception was to the exclusion of testimony as to the amount of rent the defendant was receiving for the house. Assuming that the testimony was admissible, its exclusion was not prejudicial because it is apparent from the rescript that the trial justice was of the opinion that the delay in completing the house was caused by the defendant's own breach of the contract.

The next exception was to the exclusion of a copy of a letter alleged to have been written by defendant's counsel to counsel for the plaintiff after suit was commenced. The letter, if written, was self-serving and at the most was no more than a bill of particulars of the defendant's claim for recoupment. The defendant was permitted to submit evidence covering her claim. It was not error to exclude said copy.

The next exception was taken to a ruling permitting the plaintiff to present in rebuttal the testimony of an expert that the house was built in a workmanlike manner. It was within the discretion of the trial justice to admit testimony out of the regular order. *Anderton* v. *Blais*, 28 R. I. 78; *Case* v. *Dodge*, 18 R. I. 661. This exception is overruled.

The fifth exception was to the ruling of the trial justice denying defendant's motion for a new trial. As the case was heard by said justice without jury he had no jurisdiction to grant a new trial except on the ground of newly discovered evidence. No affidavits of newly discovered evidence were filed, therefore, the ruling denying said motion was correct. *Thrift* v. *Thrift*, 30 R. I. 456.

No exception to the decision on the merits was taken. Hence, the question of the correctness of said decision is not before us.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Peter W. McKiernan, John C. Going, Ernest L. Shein,* for plaintiff.

*Fergus J. McOsker,* for defendant.