ALPHONSE W. RAVENELLE *et al. vs.* CITY OF WOONSOCKET *et al.*

AUGUST 1, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity in which the complainants pray that the action of the city council of Woonsocket taken at its meeting on May 13, 1946, whereby it authorized the sale and conveyance of certain real estate by said city at a given price, be declared to be null and void, and for other incidental relief. After a hearing in the superior court on bill, answer and proof a decree was entered denying and dismissing the bill. From the entry of that decree the complainants prosecuted their appeal to this court.

The complainants are six citizens and taxpayers of the city of Woonsocket, in this state, who bring the bill on behalf of themselves and other citizens and taxpayers of that city. The respondents are the city of Woonsocket, a municipal corporation, and the prospective purchaser of the real estate in question.

The complainants in substance contend that the above-mentioned sale, in view of proceedings, taken under a previous bill of complaint, was not made in good faith and was not free from fraud upon the taxpayers of that city, in that no notice of the intended sale was given either to the public

or to the individual members of the city council; that no requests for bids for the property were made; and that the price at which it was to be sold was insignificant and at most less than half of its real value. The respondents, on the other hand, maintain that the action of the city council was authorized by public laws 1946, chapter 1798, and that the proceeding was lawful and proper. The complainants argue that chap. 1798 is unconstitutional and that the action taken under it was invalid.

It appears from the evidence that the property in question, comprising slightly over four acres, was located on the outskirts of Woonsocket and was known as the Poor Farm. This property was sold to the respondent Florence I. Lefrancois on May 31, 1945 for $4000 at a sale by public auction, thirty or forty persons being present and several bids being made, of which the said respondent's was the highest. At this sale, which was authorized by the city council, two other parcels of land were also sold by the city, and the sale was advertised by several insertions in a public newspaper. The other parcels were advertised by metes and bounds but the property involved herein was described solely by plat and lot number, and as so advertised included an adjoining public park known as Dunn Park. After the sale the respondent purchaser paid $4000 to the city and received from it a duly executed deed including only the poor farm property described by metes and bounds, together with the improvements thereon. This deed was dated June 26, 1945 and was recorded in the records of land evidence in the city of Woonsocket.

Not long thereafter these complainants brought a bill in equity against the present respondents, at that time asking in substance for the same general relief as is prayed for in the present bill, but as applying only to the deed of June 26, 1945. That earlier bill was continued from time to time on the trial calendar of the superior court until the cause was finally assigned for hearing to May 14, 1946. On that date, with the consent of all parties, a decree was entered,

from which no appeal was taken, granting the prayers of said bill and declaring the deed of June 26, 1945 null and void. That decree was entered because of certain holdings in our opinion in *Buckhout* v. *City of Newport,* 68 R. I. 280, in relation to the power of a municipality to convey and transfer public property. That earlier bill, therefore, was disposed of favorably to the complainants.

However, in the meantime while said bill was pending, chap. 1798, P. L. 1946, was passed by the general assembly and became law April 25, 1946. This chapter reads in part as follows: "Section 1. In addition to the powers heretofore granted by charter or the public laws of the state with respect to the purchase and sale of land, the city council of any city . . . if it shall see fit so to do, is hereby authorized, from time to time, to sell, lease, convey or use for any other public or municipal purpose or purposes, or for any purpose whatsoever, any lands or properties owned by said city, which have been purchased, acquired, used or dedicated in any manner for municipal or other public purposes, whenever, in the opinion of said city council . . . said lands or properties have become unsuitable or have ceased to be used for such purposes. Sec. 2. Nothing in this act shall be construed to authorize the sale, lease or conveyance of lands or improvements acquired by gift or devise for the public use, whether or not such gift or devise is subject to a condition subsequent or reverter; and no property held by any city or town as part of a charitable trust shall be considered to come within the provisions of this act."

The evidence shows that on May 13, 1946 the following resolution was passed, first by the board of aldermen of the city of Woonsocket and then in concurrence by the common council of that city: "Resolved: That the City Council does hereby authorize and empower the City Treasurer to sell the following described real estate to Florence I. Lefrancois for the sum of Four Thousand ($4,000.00) Dollars, said property, in the opinion of the City Council, having ceased to be used for poor farm purposes". Then followed a de-

scription by metes and bounds of the poor farm property, being the same description as was contained in the deed of June 26, 1945. The resolution then ended as follows: "Be It Further Resolved: That the City Treasurer is hereby authorized and empowered to sign, seal, acknowledge and deliver a deed from the City of Woonsocket to the purchaser of said real estate, said deed to be approved as to form by the City Solicitor."

In accordance with the provisions of the above resolution a deed has been prepared, but because of the present proceedings which seek to have declared null and void the above action of the Woonsocket city council the deed has not yet been executed and delivered. The only issue raised by the instant bill therefore is the narrow one, that is, whether or not the action of the city council is valid under chap. 1798.

 As we see it the answer to this question depends first upon the extent of the authority given the city council by the provisions of chap. 1798. An examination of that chapter shows that it grants broad authority to city councils. Substantially the only limitation on such authority is contained in the second section of the chapter, which section has no application in the circumstances of the instant cause, because of evidence that the land was originally purchased, was not acquired by gift or devise, and was not part of a charitable trust. The chapter, however, contains no direction as to how a sale shall be held or conducted; whether the sale shall be by auction or by private arrangement; whether any notice of the sale must be given by advertisement or otherwise; or whether any particular price must be obtained. All these details are apparently left to the discretion of the city council in each case, unless there be some other statute or some ordinance of the city which especially governs the situation. No such statute has been brought to our attention, nor was any such ordinance of the city of Woonsocket put in evidence by the complainants in this cause.

Further, it appears from the evidence that the rules of

procedure of the Woonsocket city council were followed when the resolution was considered on May 13, 1946. It was passed first by the board of aldermen and then transmitted forthwith to the common council for concurrent action. In these circumstances it would appear that no special notice of such a resolution need appear on the council's docket. That body treated the purchaser's offer as a continuing one and agreed to that amount as the sale price for the property. No claim is made by the complainants that there was not a sale under the statute.

The complainants also urge that in May, 1946 the city was improperly attempting to ratify the previous transaction of June, 1945, which had been decreed in the former equity proceedings to be null and void. While it is true that there was some reference in the instant cause, and in the decree appealed from, to ratification of the earlier transaction, it is clear that the sale involved herein was an entirely new and distinct matter. It was carried out under the authority conferred upon the city by chap. 1798, and its validity must be decided on the record made with reference to such statute. Any erroneous or unnecessary reference to ratification in the deed, or by the trial justice, cannot change or affect the actual situation as shown by the record. Therefore, we find on the record before us that the resolution of the Woonsocket city council having been duly enacted in accordance with prescribed procedure is valid, nothing appearing in the evidence that would warrant a finding to the contrary.

There remains, however, the question of whether or not the act of the general assembly under which the council proceeded is constitutionally valid. This question, in our judgment, is not properly before us at this time and we express no opinion regarding it. Whatever may be the practice elsewhere, it is well settled in this state that this court will not pass upon the constitutionality of an act of the general assembly unless the matter is brought in question upon the record of the cause with clarity and particularity. *Blais*

v. *Franklin,* 30 R. I. 413; *Greenough* v. *Peoples Savings Bank,* 38 R. I. 100; *State* v. *Hartman,* 65 R. I. 174. The recent amendment to the statute regulating the certification of constitutional questions to this court has not altered the necessity of properly bringing such question upon the record. P. L. 1940, chap. 941.

■■ The constitutionality of an act may be questioned by a clear and sufficient allegation in any pleading or by any other formal objection duly filed in a cause. No such allegation or objection appears in the instant record. Apparently the unconstitutionality of this statute is advanced for the first time by the complainants in argument before us. This is improper procedure. Such question should be raised on the record in the superior court so that, in accordance with the present practice and state of the law, the trial justice may have the opportunity either to decide or certify it. *Allen* v. *State Board of Veterinarians,* 72 R. I. 372. That was not done here.

■ In this cause, therefore, we are concerned only with the validity of the action taken by the Woonsocket city council. Furthermore, we are not required to pass upon the wisdom, reasonableness, or propriety of its conduct in relation to the rights of the citizens and taxpayers of that city, as it is not within our province to determine matters of municipal policy. Whether the power now delegated to municipalities under chap. 1798 is too broad and whether, in the interest of fairness to the taxpayers and uniformity of procedure, the legislature or the municipality ought to pass an appropriate act or ordinance, as the case may be, controlling and regulating sales of the nature involved in the present proceedings, are questions which are properly addressed to the legislature or to the city council and not to this court.

On the record before us we find that the trial justice did not commit any error, and that the action of the city council of Woonsocket taken on May 13, 1946 was valid.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Irving I. Zimmerman,* for complainants.

*Nickerson H. Taylor,* City Solicitor of Woonsocket, *Higgins & Silverstein,* for respondents.