STATE *vs.* DAVID C. SCOFIELD.

FEBRUARY 4, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a criminal complaint charging the defendant with operating an automobile on November 5, 1955 on Waterman avenue, a highway of this state in the town of East Providence, "recklessly, so as to endanger the lives or safety of the public." The complaint is dated November 6, 1955. After the defendant's motion to quash was denied and his demurrer to the complaint was overruled, the case was tried before a justice of the superior court sitting with a jury. The defendant was found guilty and he thereafter prosecuted to this court his bill of exceptions to the overruling of the demurrer, to certain evidentiary rulings, to a portion of the charge, to the refusal to instruct the jury as requested, and to the denial of his motions for a directed verdict and for a new trial.

It is clear from a reading of the complaint and warrant that defendant was charged with a violation of the provisions of public laws 1954, chapter 3300, which is an act in amendment of sec. 3, article XXIV, chap. 2595, P. L. 1950, known as the Motor Vehicle Code Act. The 1954 amendment, which took effect on April 30, 1954, provides as follows: "Sec. 3. *Reckless driving.*—Any person who operates a motor vehicle on any of the highways of this state recklessly so as to endanger the lives or safety of the public shall be guilty of a misdemeanor."

The defendant demurred to the complaint on the grounds that the statute alleged to have been violated constitutes an invalid exercise of the police power; that it is vague, uncertain and indefinite; that it penalizes a mere state of mind; that it fails to fully inform defendant of the character and cause of the accusation; and that for these reasons it violates sec. 10 of article I of the constitution of this state.

The parties herein have briefed and argued their respective contentions upon the theory that defendant was charged with a violation of P. L. 1950, chap. 2595, art. XXIV, sec. 3, as amended by P. L. 1950, chap. 2639. How-

ever, as we have already indicated, the charge is a violation of P. L. 1954, chap. 3300. In order to fully protect the rights of the parties we shall treat their contentions as though they related to the proper statute.

In support of his demurrer defendant contends that the state cannot make an act penal without defining it in terms sufficiently clear for any person to understand that in performing it he is guilty of a violation of the law.

Section 10 of article I of the state constitution provides in part as follows: "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *." It is well recognized that the legislature has the power to prescribe, change or modify the forms or manner of stating a charge in a criminal process or proceeding, but that the exercise of this power in criminal cases is limited and controlled by the paramount law in the constitution. *State* v. *Smith,* 56 R. I. 168, 177. It is clearly within the police power of the state to regulate the driving of automobiles on the highways. Huddy on Automobiles (8th ed.), sec. 53, p. 48.

However, article I, sec. 10, of the state constitution requires that the act condemned, commanded or prohibited must be defined with sufficient certainty in specifying the conduct commanded or prohibited to the end that a citizen may know in advance from the written statute what act or omission is made criminal. It is fundamental that the validity of a statute prescribing a penalty for a given act requires that the elements of the offense be stated with legal certainty. See *Commonwealth* v. *Pentz,* 247 Mass. 500; Huddy on Automobiles (8th ed.), sec. 892, p. 1051; Berry on Automobiles (5th ed.), §1796, p. 1284.

The offense prescribed in the statute here is not a common-law offense. It is purely statutory and therefore must be definite in specifying the conduct commanded or prohibited. 8 Blashfield on Automobiles, §5307, p. 112. The elements of the offense are stated with legal certainty as

follows: (1) the operation of a motor vehicle; (2) by any person; (3) on any of the highways of this state; (4) recklessly so as to endanger (a) the lives or (b) the safety of the public. In our opinion there can be no doubt of the capability of any person of ordinary intelligence to understand the meaning of the offense so prescribed and therefore the statute meets the requirements of sec. 10 of article I of our constitution as to definiteness and certainty.

In an era in which motor vehicles play an important part in the lives of all of us, the word "recklessly," as related to the operation of motor vehicles, and the phrase "reckless driving" have acquired a clear and commonly-understood meaning, namely, "driving in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property." See 8 Blashfield on Automobiles, §5307, p. 115. The instant statute, moreover, supplies a definite standard of conduct by which the innocence or guilt of an accused person is to be determined. Such standard requires proof not only of reckless operation but also proof that such reckless operation endangered the lives or safety of the public. The acts prohibited are clear and specific and are not susceptible of different meanings to people of ordinary intelligence. Our conclusions are in accord with the great weight of authority which hold that a "motor vehicle statute will not be held void for uncertainty, if any sort of practical or sensible effect may be given it." *State v. Andrews*, 108 Conn. 209, 213. 8 Blashfield on Automobiles, §5307, p. 116.

It is also well established that in construing the constitutionality of a statute every reasonable intendment will be resolved in favor of its validity until the party raising the question of its unconstitutionality proves beyond a reasonable doubt that it is invalid. If a reasonable doubt exists it is to be resolved in favor of the legislative act. *State v. Domanski*, 57 R. I. 500, 505. The defendant has failed

to convince us that the statute in question is unconstitutional. His exception numbered 1 is therefore overruled.

In order to better understand some of the remaining exceptions we shall set forth briefly the facts pertinent to the issues raised. Two companions of defendant, who were riding with him at the time of the alleged offense, testified in substance that on the day in question one of them accompanied him to a wedding reception in a car registered to defendant's mother; that on the way thereto defendant stopped and purchased two pints of wine; that they had food and drinks at the reception; that thereafter defendant and his two companions left together; that one of the companions drove the car due to the fact that defendant was intoxicated; that they stopped at the home of the other companion so that he might change his clothes; that all three then left to go dancing; that upon his insistence defendant got behind the wheel and said he was going to run all the cars off the road; that he passed cars on both sides of Waterman avenue, sideswiped a car, drove sixty miles an hour and refused to slow down at the urging of his companions; that there were ten cars on the road waiting for the red light to turn green; that he swerved way out towards the left, passed all ten cars and on Waterman avenue at James street, while going fifty miles an hour, he hit a 1953 Chevrolet which in turn bounced back and struck another car; that after the accident defendant drove off at about sixty miles per hour; that he finally stopped the car, got out and left; and that about two minutes later the police came and found the two companions in the automobile.

The defendant testified that he was intoxicated when he left the wedding reception; that he was helped downstairs and into the back seat of the car; that he did not know what happened after that; that he did not drive the car; that he went to a friend's house where he woke up about twelve o'clock midnight; and that after being told the police were

looking for him he went to the police station where he was placed under arrest.

Police officers testified concerning their investigation of the collision and the arrest of defendant. Robert L. Brown, a member of the East Providence police department, testified in substance that on the day in question he went to defendant's home looking for him in regard to the hit-and-run accident under investigation; that after he had talked to defendant's mother he posted a lookout; and that he waited for about an hour to see if defendant would arrive home. Upon completion of the witness' direct testimony, defendant, who had not objected to any of this testimony during the direct examination, moved that such testimony be stricken on the ground that it implied opinion of guilt and was therefore incompetent. The refusal of the trial justice to strike the same is the basis of defendant's exception 2. Assuming without deciding that defendant's motion to strike was proper at the time it was made, it is nevertheless our opinion that the instant exception is without merit since the evidence objected to was not prejudicial to defendant. This exception is overruled.

There is no merit in defendant's exception 5. Whether or not defendant knew that free liquor was going to be served at the reception has no bearing on the issue of his guilt or innocence, especially in view of his admission that he was intoxicated and his testimony that he was not driving the automobile at the time in question. Assuming without deciding that the exclusion of such evidence was error, in our opinion it was harmless and was not prejudicial. This exception is overruled.

The fourth issue raised by defendant is based on his exceptions numbered 6, 7, 8, and 10. Exception 6 is to the trial justice's refusal to direct a verdict for defendant because of the failure to prove that the offense occurred on a public highway. Exception 7 is to the refusal to charge that such proof was necessary. Exception 8 is to the trial

justice's charge that such proof was unnecessary, and exception 10 is to the refusal to submit that issue to the jury in the form of an interrogatory. In substance defendant contends that the statute in question requires proof that Waterman avenue is a public highway.

In our opinion this contention is lacking in merit. The statute in question does not require proof that the highway in question is a "public highway." It expressly refers to the operation of motor vehicles "on any of the highways of this state." Moreover the word highway has been given a statutory definition. Public laws 1951, chap. 2826, sec. 5, which amends P. L. 1950, chap. 2595, art. I, sec. 22, defines "highway" as follows: "Sec. 22. (a) *Street or highway.*— The entire width between boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular traffic." The defendant does not dispute that Waterman avenue is a highway open to and traveled by the public. No further proof is required. Exceptions 6, 7, 8, and 10 are overruled.

Exception 9, which defendant urges as his fifth issue, relates to that portion of the trial justice's charge wherein he instructed the jury as follows: "There is another statute which forbids the operation of a motor vehicle on a highway while the operator is under the influence of liquor. If you find that this vehicle was operated by this defendant upon that highway while he was under the influence of liquor, then you may consider that as proof of reckless driving."

We agree with defendant's contention that the trial justice erred in his use of the word "proof" for the word "evidence." Properly speaking, evidence is the medium of proof. Proof is the result or effect of evidence. However, we cannot agree with his further contention that "It could be" that the jury found defendant guilty of reckless driving solely on the basis of his admitted intoxication. In the peculiar circumstances of this case, involving as it does an

overwhelming abundance of credible evidence pointing to defendant's guilt of the charge of reckless driving, apart from any evidence of driving under the influence of liquor, we are convinced that the jury were not misled in their finding of guilt by the erroneous instruction of the trial justice, and that therefore defendant was not prejudiced thereby. Exception 9 is overruled.

The defendant's final exception is to the refusal of the trial justice to grant a new trial. His motion was based on the usual grounds that the verdict was against the law, the evidence, and the weight thereof. However, the record fails to disclose any grounds upon which he based his motion other than the argument in his brief relating to the state's evidence as to where he sat while one of his companions was driving the car and the admission into evidence of officer Brown's testimony.

After carefully examining the entire record we are convinced that the verdict of the jury and the denial of the defendant's motion for a new trial depended largely upon the credibility of the witnesses. The trial justice and the jury had the advantage of seeing and hearing them as they testified, an advantage which we do not have. Therefore we are unable to say from a reading of the transcript that the trial justice erred in refusing to grant a new trial.

The exceptions which have been neither briefed nor argued are deemed to be waived.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Attorney General, *John F. O'Connell,* Chief Special Counsel, for State.

*Aram K. Berberian,* for defendant.