258 A.2d 67.

STATE *vs.* JOSEPH A. DIMUCCIO.

OCTOBER 30, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a criminal complaint which charges the defendant with operating a motor vehicle recklessly upon certain public highways of the city of Cranston. After a jury-waived trial in the superior court, the defendant was found guilty of the offense charged. His motion for a new trial was denied and he thereupon prosecuted a bill of exceptions to this court.

The sole witness for the prosecution was Patrolman David A. Bell, a member of the Cranston Police Department. On Sunday, January 8, 1967, at approximately 12:25 a.m., the officer was seated in his police cruiser which was parked along the westerly curb of Reservoir Avenue near the intersection of Viking Road. It was raining and the streets were wet. At this moment, the policeman's attention was directed to a car which was proceeding southerly on Reservoir Avenue at a high rate of speed. The policeman took off in pursuit of the speeding vehicle. Officer Bell activated the revolving flashing red light which was affixed to the top of his cruiser. The chase covered a considerable distance and ended on New London Avenue near its Howard Avenue intersection. The chase ended because defendant was forced to stop behind the southbound traffic which was waiting for the traffic light located at the intersection to change from red to green.

The officer described the route of the pursuit as follows: southerly on Reservoir Avenue to New London Avenue (the last-named street is a continuation of Reservoir Avenue); southerly on New London Avenue to a point where defendant turned right onto an "off" ramp which led to Meshanticut Valley Parkway, across the Parkway to a point

where DiMuccio turned left onto another "off" ramp which runs from the Parkway to New London Avenue, then southerly on New London Avenue to the red light at the Howard intersection. The defendant was "clocked" at a speed of between 70 and 75 miles an hour. This is twice the posted speed limit. The patrolman described the traffic on Reservoir and New London Avenues as being heavy. He told how defendant weaved in and out of the traffic passing some cars on their right side and others on their left. The witness also stated that defendant went through a stop sign as he crossed Meshanticut Valley Parkway. Several cars, he said, were forced to swerve out of defendant's path as he sped off the "on" ramp onto New London Avenue. The officer remarked that defendant's evasive actions led him to believe that he was chasing a stolen car and he therefore radioed for assistance. Several officers answered the officer's call and they appeared at the scene of defendant's apprehension.

The defendant at the time of this incident was 18 years old. Both he and his young male passenger told the superior court a story which was directly contrary to Officer Bell's testimony. In essence, while they admitted to travelling at speeds in excess of the speed limit, they insisted that they were not going 70 miles an hour. They said that all traffic control signals were obeyed. They also said that defendant did not zig or zag as he made his way to his Coventry home.

The trial justice specifically rejected the defense testimony and accepted the police officer's description of the manner in which defendant had operated a car which was registered to his father.

There are three facets to defendant's appeal. He claims that the reckless driving statute is unconstitutional, that the trial justice erred in denying his motion for a new trial,

and finally that the decision is erroneous. We shall consider each of these contentions seriatim.

The defendant's constitutional attack on the reckless driving statute is completely devoid of merit for several reasons. The statute which defendant claims is unconstitutional is set forth in his brief. That statute is known and cited as G. L. 1956, §31-27-4. Unfortunately for defendant, the statute he refers to was substantially amended by the legislature in 1958.[1] The defendant was charged and tried under the reckless driving statute as it was in 1958—not 1956. It is also clear that defendant's constitutional challenge was made for the first time in this court. It is the well-settled practice in this jurisdiction that this court will not pass upon the constitutionality of an act of the general assembly unless the matter is brought into question upon the record with clarity and particularity. *Mailey* v. *DePasquale*, 94 R. I. 31, 177 A.2d 376; *Ravenelle* v. *City of Woonsocket*, 73 R. I. 270, 54 A.2d 376; *State* v. *Hartman*, 65 R. I. 174, 14 A.2d 18. We also pointed out in the *Ravenelle* case that the statutory provisions regulating the certification of constitutional questions to this court have not altered the necessity of properly bringing such questions upon the record so that the trial justice may have the opportunity to decide or certify the issue. Furthermore, in *Carroll* v. *Chrupcala*, 53 R. I. 11, 12, 162 A. 852, we declared that constitutional questions "* * * are of great importance and cannot be raised or presented in this court in such an informal manner." Accordingly, we believe that, even if defendant had cited the correct statute, his failure to raise upon the record in the court below the constitutional issue he now seeks to raise here would preclude him from doing so in this court.

---

[1] The 1956 statute states that anyone who operates a motor vehicle "recklessly or negligently" so that there is a potential threat to life or property shall be guilty of a misdemeanor. In 1958 the general assembly amended the statute by deleting the phrase "or negligently."

The defendant's exception to the denial of his motion for a new trial requires little discussion. The instant appeal involves a jury-waived trial. In such cases a motion for a new trial is limited to the ground of newly discovered evidence. *Sheltra* v. *O'Rourke,* 51 R. I. 392, 155 A. 401; *Thrift* v. *Thrift,* 30 R. I. 456, 76 A. 105. Although defendant in his motion alleged the existence of newly discovered evidence, it is conceded that such evidence did not materialize at the hearing on his motion. The ruling denying his motion, therefore, was correct.

In seeking to overturn the superior court's decision, defendant first points out that in *State* v. *Scofield,* 87 R. I. 78, 138 A.2d 415, we defined reckless driving as " 'driving in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property.' " He then asserts that to sustain his conviction the prosecution had to show that defendant intended to harm anyone present along his route of travel. A similar argument was put to rest in *State* v. *Lisi,* 105 R. I. 516, 253 A.2d 239, where we stated that recklessness, hence willful or wanton disregard of the safety of others, is a question of fact to be resolved by the trier of facts from the probative evidence and the reasonable inferences to be drawn therefrom. The fact question thus presented, we held, is whether "* * * the driving complained of is a conscious and intentional driving that the driver knows or should know creates an unreasonable risk of harm to others, *even though he has no actual intent to harm them.*" (emphasis ours) The trial justice analyzed defendant's course of conduct and quite properly held that he had operated his automobile in a willful and wanton disregard of the safety of the many motorists present on Reservoir Avenue.

Finally, defendant contends that a conviction for reckless driving cannot stand unless the record shows that some individual appeared in court and testified that his life or

property was actually endangered by defendant's conduct. He bases this contention on the following language found in *State* v. *Scofield, supra,* at 82, 138 A.2d at 417:

> "Such standard requires proof not only of reckless operation but also proof that such reckless operation endangered the lives or safety of the public."

The defendant's reference to *Scofield* is inapposite. *Scofield* was charged with violating P. L. 1954, chap. 3300. Section 3 thereof reads as follows:

> "Any person who operates a motor vehicle on any of the highways of this state recklessly so *as to endanger* the lives or safety of the public shall be guilty of a misdemeanor." (emphasis ours)

The defendant, however, was charged with violating what was P. L. 1958, chap. 70[2], the pertinent portion of which reads as follows:

> "Any person who operates a motor vehicle on any of the highways of this state recklessly so that the lives or safety of the public *might be endangered,* or so that property *might be damaged,* shall be guilty of a misdemeanor." (emphasis ours)·

Under the provisions of the reckless driving statute in effect at the time of defendant's offense, there was no necessity that the prosecution show that the life of a member of the public had been endangered or that property had been actually damaged. Whether the statute required proof that the lives or safety of the public or property were endangered or proof that they might be endangered, there is no requirement that a witness testify in this regard. If from all the evidence adduced there arises a reasonable inference that defendant's operation of ·a motor vehicle was a threat or a potential threat to the safety of the public or property, the charge of reckless driving will be sustained.

---

[2]Chapter 70 was known and cited as G. L. 1956, §31-27-4, as amended, until April 1967 when it, too, was amended by the enactment of P. L. 1967, chap. 64.

Here the trial justice found from the defendant's speed, his weaving in and out of traffic, his passing a stop sign and from the actions of the drivers who swerved out of his path as he entered New London Avenue from the off ramp that he was not only a potential but was in fact an actual hazard to life and property of the motoring public travelling south on Reservoir and New London Avenues in the early morning of January 8, 1967. This holding finds ample support in the record. The defendant's exception to the trial court's decision is overruled.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Luc R. LaBrosse,* Special Assistant Attorney General, for plaintiff.

*Don G. Sinesi,* for defendant.