260 A.2d 149.

STATE *vs.* ROBERT C. LUNT.

DECEMBER 30, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This indictment charges the defendant with operating a motor vehicle on a public highway in reckless disregard of the safety of others, death resulting, in violation of G. L. 1956, §31-27-1. A Superior Court jury found the defendant guilty and the trial justice denied his motion for a new trial. Thereafter, the defendant filed the instant bill of exceptions.

Because of our ultimate holding, there is no necessity to set forth any detailed recitation of the evidence. The rec-

ord shows that in the early morning hours of March 1, 1964, defendant was the operator of a motor vehicle which was proceeding in a northerly direction on Ocean Road, a public highway in the Town of Narragansett. The automobile failed to negotiate a slight curve and struck a tree. This collision caused the death of a woman passenger who was sitting alongside defendant.

The defendant took an exception to certain portions of the trial justice's charge wherein he defined the phrase "reckless disregard of the safety of others." The court prefaced his definition by telling the jury that they could return a guilty verdict only if they were convinced that the evidence showed that defendant had operated his motor vehicle in reckless disregard of the safety of others. He said that this court had on a past occasion considered the meaning of the word "reckless." The trial justice then read to the jury the following portion of *State* v. *Welford*, 29 R. I. 450, 453, 72 A. 396, 397:

> "It is the duty of operators of motor vehicles to obey the laws regulating the use of such vehicles. Disregard of or inattention to such duty constitutes unlawfulness and recklessness. The words 'unlawfully' and 'recklessly' in the complaint are descriptive of the manner in which the defendant drove the motor vehicle into and against the team driven by the complainant on the highway so as to endanger his life and limb. They negative any inference that the collision was an innocent accident."

Thereafter the trial judge proceeded to read certain provisions of the Motor Vehicle Code relating to the operation of an automobile at reasonable and prudent speeds; to conditions requiring reduced speeds; and to the prohibition against driving while under the influence of intoxicating liquor. The court concluded this portion of the charge by telling the jury that, if the jury believed defendant was driving in violation of any of the sections he had just read,

they could use such violation as evidence of defendant's guilt.

Sometime after the jury began their deliberations, they returned to the courtroom and asked the trial justice the following question:

> " 'May we have the definition of the word 'inattentiveness' according to the motor vehicle laws?' "

The judge then spoke to the jury as follows:

> "Now, first off, may I say I don't remember using the word 'inattentiveness.' I don't remember using that exact word. I did read part of *State* v. *Welford,* 'It is the duty of operators of motor vehicles to obey the laws regulating the use of such vehicles. Disregard of or inattention to such duty constitutes unlawfulness and recklessness.' You want to know what the word 'inattentiveness' means and the word I used was 'inattention.' 'Inattention' is the opposite or negative of attention. 'Attention' means the act or state of attending to or heeding, paying attention to; it means to heed or to observe, be mindful or watchful, and inattention is the opposite of it. Now, attention or inattention, its opposite, or attentiveness or inattentiveness, I thought were words that you would understand, but if you don't, the statute says, 'Disregard of or inattention to such duty constitutes unlawfulness and recklessness.' That's all I can tell you."

The jury returned to the jury room and later they returned the guilty verdict.

The defendant argues that the trial court's repeated reference to the *Welford* case was tantamount to telling the jury that he was guilty of the charge laid against him if they believed that, simply through inattention, he unwittingly violated any one of the provisions of the Motor Vehicle Code cited or referred to by the court in its instructions. The mere violation of a statute, defendant contends, does not ipso facto establish a case of reckless driving. Furthermore, defendant refers us to the case of *State* v. *Scofield,*

87 R. I. 78, 82, 138 A.2d 415, 417, decided in 1958, where we stated:

> "In an era in which motor vehicles play an important part in the lives of all of us, the word 'recklessly,' as related to the operation of motor vehicles, and the phrase 'reckless driving' have acquired a clear and commonly-understood meaning, namely, 'driving in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property.'"

It is defendant's position, especially in the light of our 1958 definition of the word "reckless," that we overruled at least sub silentio the 1909 holding in *Welford* that a motorist's disregard or inattention to his statutory duties constituted recklessness. Therefore, defendant claims that the *Welford* definition is no longer a proper statement of the law.[1] We agree.

Recently, in *State* v. *Lisi,* 105 R. I. 516, 253 A.2d 239, we ruled that recklessness, *i.e.,* the willful or wanton disregard of the safety of others is a question of fact, with the question being whether "* * * the driving complained of is a conscious and intentional driving that the driver knows or should know creates an unreasonable risk of harm to others, even though he has no actual intent to harm them." In other words, in order to sustain a conviction for a reckless homicide under §31-27-1 or for reckless driving under §31-27-4, as amended by P. L. 1967, chap. 64, sec. 1, the accused must have known or should have known that his manner of driving created an unreasonable risk of harm but he need not have intended to cause such harm. Intentional conduct, not intentional harm, is what is proscribed by these two statutes. *State* v. *Bolsinger,* 221 Minn. 154, 21 N.W.2d 480.

It is true, as is pointed out in *Welford,* that a collision which cannot be attributable to human fault will not sup-

---

[1] The Superior Court trial in this case was held in October 1967. Nowhere in his charge did the trial justice make any reference to the *Scofield* definition of recklessness.

port a charge of recklessness. Furthermore, we believe that the use of the word "reckless" or "recklessly" in penal statutes connotes something more than the negligence necessary to support a civil action for damages, and that the two words impart a disregard by the accused for the consequences of his act and an indifference to the safety of life and limb. *People* v. *Bearden,* 290 N. Y. 478, 49 N.E.2d 785. In our opinion, the distinguishing factor, which properly classifies the operation of a motor vehicle as reckless, is that the evidence shows that a driver has embarked upon a course of conduct which demonstrates a heedless indifference to the consequences of his action. *Beeman* v. *State,* 232 Ind. 683, 115 N.E.2d 919. Mere inadvertence or a pure error in judgment by a driver is not embraced by the criminal sanctions of the reckless driving provisions of the Motor Vehicle Code. The fact that an operator of a motor vehicle has violated some statutory prohibition or rule of the road does not *in and of itself* warrant the bringing of a charge of recklessness either under §31-27-1 or §31-27-4. That an accused drove in excess of the speed limit does not necessarily establish a violation of the statutory crime reckless driving. *State* v. *Licari,* 132 Conn. 220, 43 A.2d 450. We do not wish to be understood as holding that mere speed may never constitute reckless driving. Recklessness, like negligence, must be related to time, place, persons and surrounding circumstances and be measured by them. Excessive speed under some circumstances may amount to mere negligence and under other circumstances it may constitute willful or wanton disregard of the safety of others. *State* v. *Pruett,* 91 Idaho 537, 428 P.2d 43; *Norfolk* v. *State,* (Wyo.) 360 P.2d 605; see also Anno. 52 A.L.R.2d 1337, §§17-18, pp. 1361-1363.

The vice of the definition set forth in *Welford, supra,* is that it automatically equates any violation of the Motor Vehicle Code with reckless conduct. This is not the law

in this state. *State* v. *Welford, supra,* was decided during the days when the horse and buggy were still challenging the horseless carriage for uninterrupted possession of the highway. Welford was a motorist who struck a horse-drawn wagon. He was charged with violating P. L. 1908, chap. 1592, sec. 11. This section established a speed limit of 15 miles per hour for an automobile operating in a built-up section of the state and 25 miles per hour for the so-called wide open spaces. Section 12 of this chapter set forth numerous duties to be observed by the motorists of that day. Among the precautions prescribed therein was one which said that if a horse, while being led, ridden or driven on a public highway appeared to be frightened, the automobile driver should, if so signalled by the person in charge of the animal, bring his vehicle to an immediate stop and remain stationary so long as may be reasonable to allow the horse to pass or if it was proceeding in the same direction as the automobile, the motorist should thereafter use reasonable caution when passing the horse. It is quite apparent that the definition of reckless driving set forth in *Welford* no longer has any relevancy to today's modern automotive times and, to the extent that it is inconsistent with this opinion, it is hereby expressly overruled. It follows that the trial justice erred when he employed the *Welford* definition of "recklessness." His error was prejudicial to the defendant.

The defendant's exceptions to the charge are sustained and the case is remitted to the Superior Court for a new trial.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Edward M. Botelle, Z. Hershel Smith,* for defendant.