300 A.2d 477.

ROBERT J. VIGNEAU *et ux. vs.* JOHN LA SALLE, *Director of Finance of the City of Central Falls.*

FEBRUARY 22, 1973.

PRESENT: Roberts, C.J., Paolino, Joslin and Kelleher. JJ.

PER CURIAM. The plaintiffs brought this civil action to recover damages for personal injuries sustained by the plaintiff, Lucina U. Vigneau, and for consequential damages suffered by her husband, Robert J. Vigneau, as a result of a fall by Lucina U. Vigneau on ice and snow which had accumulated upon a sidewalk in the city of Central

Falls. The case was heard by a justice of the Superior Court sitting with a jury. At the close of the plaintiffs' case the defendant made a motion for a directed verdict under Super. R. Civ. P. 50(a). The trial justice granted the motion on the ground that there was no evidence presented by the plaintiffs showing that they had given the city the notice required under G. L. 1956 (1968 Reenactment) §24-5-14 and that the giving of such notice was a condition precedent to the bringing of such action.[1] The case is before us on the plaintiffs' appeal from the judgment entered in the Superior Court.

The facts are briefly as follows. On March 12, 1969, plaintiff Lucina U. Vigneau was walking on a sidewalk on Dexter Street in the city of Central Falls, when she fell on some ice and snow which had accumulated in front of premises owned by one Catherine Robinson, and suffered serious physical injuries.

Notice was sent to the city council in compliance with the provisions of G. L. 1956 (1970 Reenactment) §45-15-8, but plaintiffs presented no evidence that notice in writing had been given to the city as required by §24-5-14, which reads as follows:

> "The several towns shall provide by ordinance in such manner and under such penalties as they may deem expedient, for removing snow from the public highways so as to render the same passable with teams, sleds and sleighs; but nothing in this chapter contained shall be so construed as to render any town or city liable for any injury to person or property caused by snow or ice obstructing any or any part of the highways therein, unless notice in writing of the existence of the particular obstruction shall have been given to the surveyor of highways within whose district such obstruction shall exist, at least twenty-four (24) hours before the injury was caused, and such town or surveyor shall not thereupon within said time

---

[1] *See Barroso* v. *Pepin,* 106 R.I. 502. 261 A.2d 277 (1970).

have commenced the removal of such obstruction, or caused any sidewalk which may have been obstructed by ice to be rendered passable, by spreading ashes or other like substances thereon. Whenever any highway is blocked up or encumbered with snow, the surveyor shall cause so much thereof to be removed or trod down as to render such highway passable."

We consider first plaintiffs' claim that the notice requirement prescribed in §24-5-14 is unconstitutional. It appears from the transcript that the only reference to the question of the unconstitutionality of §24-5-14 occurred after the trial justice granted defendant's motion for a directed verdict and after he denied plaintiffs' motion to reopen the case when plaintiffs' counsel made the following statement to the court: "For the record, Illinois has a rule that such statute is unconstitutional."

This court has held many times that we will not pass upon the constitutionality of an act of the General Assembly when the matter has not been brought into question upon the record of the case with clarity and particularity in the trial court so that the trial justice may have the opportunity to pass upon the question. *State* v. *DiMuccio,* 106 R. I. 219, 258 A.2d 67 (1969); *Ravenelle* v. *City of Woonsocket,* 73 R. I. 270, 54 A.2d 376 (1947). This was not done in the instant case and therefore the question is not properly here. The mere reference to the Illinois case is not sufficient to meet the tests set forth in our cases.

We consider next the plaintiffs' contention that the trial justice erred in refusing to grant their motion to reopen the case so that they could present evidence to show that the city of Central Falls did not have a highway surveyor to whom the notice required by the statute could be given.

It appears from the transcript that plaintiffs did not offer any evidence, prior to resting their case, that a highway surveyor did or did not exist. However, the transcript does show that immediately after the trial justice granted

defendant's motion for a directed verdict, plaintiffs moved to reopen the case for the purpose of presenting evidence that the city did not have a surveyor of highways upon whom such notice could be served. Their counsel informed the trial justice that he had the city clerk there in court for that purpose. The trial justice denied plaintiffs' motion.

Under our practice the order of proof is within the discretion of the trial justice. A motion at the close of testimony to reopen a case for further evidence is addressed to the discretion of the trial justice and this court will not disturb his action thereon, absent a showing of an abuse of that discretion. *Berberian* v. *Martin,* 100 R. I. 227, 228-29, 214 A.2d 189, 190 (1965). On this record we cannot say that there has been an abuse of discretion.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court.

Although Mr. Justice Powers was a member of the court when this case was argued he did not participate.

Mr. Justice Doris did not participate.

*Joseph A. Capineri,* for plaintiffs.

*James G. O'Malley,* City Solicitor, for defendant.