368 A.2d 1238.

TOWN OF FOSTER *vs.* PRESCOTT H. LAMPHERE.

FEBRUARY 8, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is an appeal from a judgment in the Superior Court ordering the defendant, Prescott H. Lamphere, to remove a mobile home which he had placed on his property in violation of the Zoning Ordinance of the Town of Foster.

The defendant is the owner of a one-twelfth undivided interest in an acre of land situated in the town of Foster. The land is in a district of the town zoned as "residential/ agricultural." It contains a house which was formerly the Lamphere family residence but is presently badly deteriorated and apparently uninhabitable.

On April 26, 1971, defendant and his wife applied to the town council for a "trailer permit" in accordance with the procedure prescribed in "Ordinance Regulating Trailers in the Town of Foster", as enacted on May 6, 1965, and amended on April 6, 1967. The filing fee of $100 was paid to the town clerk and a hearing on the application was subsequently held before the town council wherein the council denied the application. Apparently no further action transpired until some time in June of 1973, when defendant, who had been residing in Connecticut, acquired a housetrailer and placed it on the property in Foster and proceeded to move into the trailer with his family.

On July 11, 1973, the zoning inspector of Foster sent a notice to defendant warning him that he was in violation of the town zoning ordinance and that unless the violation was corrected by July 31, 1973, he would be subject to prosecution. The defendant admittedly took no action and the town instituted two proceedings. The first, a criminal complaint in District Court, is not relevant to this proceeding. The subsequent equitable action taken in Superior Court, under G. L. 1956 (1970 Reenactment) §§45-24-6 and 45-24-7, and G. L. 1956 (1968 Reenactment) §23-27-4, to obtain an injunction ordering removal of the trailer is the proceeding presently before this court.

In Superior Court, the hearing on the preliminary injunction was, by stipulation of the parties, consolidated with the hearing on the merits. It was alleged in the complaint that defendant had violated article I, section 4(B); article IV, section 8; the last paragraph of article V; and article VIII, as amended, of the Foster zoning ordinance and that he also violated sections 2 and 4 of the building ordinance. The trial justice found that defendant had violated the above-noted sections of articles I, IV and V of the zoning ordinance but made no findings as to article VIII or the building ordinance.[1] Specifically, the finding was that under article I, defendant failed to apply for, or obtain, a valid zoning certificate; under article IV, defendant had more than one main residential structure on a lot; and under article V, a trailer was being used as a main residence and not as accessory to the main residential structure. Having found defendant in violation of these provisions of the zoning ordinance, the trial justice then ordered the trailer re-

---

[1] Article I, section 4(b) reads, in pertinent part, as follows:
"No building, structure or sign shall hereafter be erected, enlarged or relocated and no non-structural use, (except non-structural uses listed in Article II, Section 1) shall be initiated until the Zoning Inspector has certified in writing, that the proposed use, structure or sign conforms to the provisions of this ordinance."

Article IV, section 8 reads, in pertinent part, as follows:
"Not more than one main residential structure shall be permitted on a lot."

Article V reads, in pertinent part, as follows:
"In any Residential Agricultural District the parking or storage of commercial vehicles of over 1.5 tons capacity and of commercial or house trailers (not including camping trailers) shall not be permitted except where such parking or storage is directly related to and is accessory to a permitted use or a legal pre-existing use."

moved. However, he stayed this judgment pending appeal to this court.[2]

The defendant first presents a broad argument to this court to the effect that the zoning ordinance of Foster is unconstitutional because it deprives him of his property without just compensation. However, nowhere in his pleadings did he do more than merely allude to an unconstitutional deprivation of property, and he did not even specify which provisions of the Rhode Island and United States Constitutions were allegedly violated. It is generally understood that zoning laws deprive persons of varying degrees of property rights without compensation under the police power. However, this does not necessarily rise to the level of an unconstitutional deprivation.

> "This court has had occasion in the past to point out that by its very nature zoning interferes with and restricts the right of a property owner to devote his property to uses that would be proper at common law. [citation omitted] Nevertheless, such interference and restrictions will be countenanced if the legislation or regulations out of which they arise constitute a valid exercise of the police power in that they tend to promote the public health, safety, morals and general welfare." *Goldstein* v. *Zoning Bd. of Review*, 101 R.I. 728, 730, 227 A.2d 195, 197 (1967).

The defendant, although he raised constitutional objections to the zoning ordinance before the trial court, failed to present them in a manner specific enough for the court to pass upon them. The trial justice therefore refused to address any constitutional issues because of the vague and

---

[2]The stay was to remain in effect while seasonable appeal was taken to this court. However, the judgment indicated that defendant was "to apply to the Supreme Court for a further stay during the pendency of said appeal." We have no record of such application for a stay, defendant conceding in his brief that application was not made due to an oversight. Therefore. it is unclear whether the trial justice's stay is still in effect.

unclear manner in which they were presented. We see no error in this refusal.

> "Constitutional questions are of great importance and should not be presented to this court in uncertain form. It is the duty of the party raising the question to make his objections in clear and direct language, stating separately each specific article, section and clause in the federal or State constitution that is alleged to have been violated. This has been our uniform practice and we intend to follow it strictly hereafter." *Creditors' Service Corp.* v. *Cummings,* 57 R.I. 291, 304-05, 190 A. 2, 10 (1937).

It would be unreasonable to place the impossible burden on the trial court of deciphering vague constitutional objections. If the party raising these issues fails to make clear to the trial court the specific nature of any constitutional claims, then the trial court should not be required to consider them.

In spite of the fact that the constitutional objections were improperly raised below, defendant now attempts to raise them before this court. This is not proper procedure. This court has held many times that we will not deal with constitutional questions unless they have been properly submitted on the record before the trial justice, giving him the initial opportunity to pass on them. *Vigneau* v. *La Salle,* 111 R.I. 179, 181, 300 A.2d 477, 479 (1973); *State* v. *DiMuccio,* 106 R.I. 219, 222, 258 A.2d 67, 69 (1969); *Ravenelle* v. *City of Woonsocket,* 73 R.I. 270, 276, 54 A.2d 376, 379 (1947). Since defendant has failed to first raise his constitutional claims properly in the court below, we will not review them here.

The defendant next argues that the town of Foster acted arbitrarily and capriciously in enforcing its zoning ordinance by seeking an injunction to remove defendant's trailer. The record indicates that after a warning letter was sent to defendant requesting him to correct the zoning

violation, the town proceeded to take court action within the following year. Whether this delay was because the town had other more pressing matters before it or because it wanted to give defendant time to correct the violation is not indicated in the record. However, there is no indication that the town acted in an arbitrary manner in seeking an injunction to enforce its zoning ordinance. Rather, it appears that the town proceeded in a diligent manner and there is no indication in the record of any improper action on its part.

Finally, defendant argues that the Foster zoning ordinance improperly interferes with the free use of his property because it bears no substantial relationship to the public health, safety, morals or general welfare of the community. What defendant is in effect alleging, is that he is being unreasonably prevented from placing a trailer on his property.[3] However, as we read the zoning ordinance and the opinion of the trial justice, this is not the case.

The trial justice found that defendant never even applied for a zoning certificate as required by article I, section 4(B) of the zoning ordinance. Thus he failed to take the procedural step that was required in order to legally place any new structure on property. However, it is likely that this certificate would not have been issued by the zoning inspector since defendant also failed to comply with the article IV, section 8 provision forbidding more than one residential structure per lot. This would be true whether defendant wanted to add an additional house or a house-trailer to the lot which already contained a main residential

---

[3]The July 1, 1971 amendment to article VIII of the zoning ordinance prohibits all housetrailers in the town of Foster. However, there is no finding in the record that defendant violated this provision or that if he otherwise complied with the zoning ordinance that he would still be prohibited from maintaining a trailer on his property. Therefore, it is not necessary for us to consider whether this attempt by the town of Foster to totally exclude trailers is within the bounds of the Constitution.

structure. Further, article V also prohibits, in residential/ agricultural districts, the parking of trailers except as *accessory* to a permitted use. Thus defendant wanted to have these two residential structures, the old family residence as well as the trailer, on a lot where only one was permitted, and yet he had never applied to the zoning inspector for a certificate to allow this.

It does seem likely that defendant's application for a zoning certificate for the trailer would have been denied by the zoning inspector since defendant already had one house on the lot.[4] However, if defendant then would have encountered great hardship as he now alleges, a procedure of appeal to the zoning board of review for an exception is contained both in the enabling act and the zoning ordinance.[5] An additional alternative would have been to apply for a building permit to tear down the allegedly uninhabitable existing house.

Instead, defendant comes to this court asking us to relieve him of his alleged hardship by acting as a zoning board of review. This we will not do. Our holding here does not foreclose defendant from seeking relief from the zoning board of review which is the proper agency from which to seek relief.

As we perceive this case, defendant is asking this court for relief from those portions of the zoning ordinance which require a zoning certificate and limit lots to single structures. Both of those provisions appear to be permissible objects of a zoning ordinance. The defendant has seen fit to forsake his right to appeal to the Zoning Board of Re-

---

[4]Article I, section 4(B) of the zoning ordinance prohibits a zoning inspector from issuing a zoning certificate for any use not specifically permitted unless the zoning board of review indicates an exception.

[5]General Laws (1970 Reenactment) §45-24-13 requires that each city or town council enacting a zoning ordinance provide for a board of review to allow for exceptions in appropriate circumstances.

548

view of the Town of Foster for a variance or exception to the harsh operation of the ordinance. We see no reason to allow him to circumvent the statutory process and now apply to this court for an exception to the ordinance.

The trial justice found that the defendant violated several articles of the Zoning Ordinance of the Town of Foster, and granted the town's request for an injunction to remove the offending trailer. We see no error in this ruling.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*Leo T. Connors,* for plaintiff.

*Quentin J. Geary,* for defendant.