Mary Lynn **DRAKE** et al.

v.

Margaret **POPINSKI.**

No. 79–254–Appeal.

Supreme Court of Rhode Island.

April 30, 1980.

E. Peter Gallogly, Jr., Wakefield, for plaintiffs.

Martin Zucker, Providence, for defendant.

## OPINION

PER CURIAM.

This is a wrongful death action brought pursuant to the pertinent provisions of G.L.

1956 (1969 Reenactment) chapter 7 of title 10. Section 10–7–2 mandates that "every such action shall be commenced within two (2) years after the death of such person * * *." The fatality which gave rise to this litigation occurred on August 19, 1976, but suit was not commenced until December 6, 1978. The Superior Court granted the defendant's motion to dismiss this action because it was barred by the two-year limitation period of § 10–7–2.

After plaintiffs had filed their brief, defendant invoked this court's Rule 16(g), asking that the appeal be summarily dismissed because the issue on which the trial justice relied is well settled. The defendant, in making the motion, relied upon our holdings in *Short v. Flynn*, 118 R.I. 441, 374 A.2d 787 (1977); *Nascimento v. Phillips Petroleum Co.*, 115 R.I. 395, 346 A.2d 657 (1975), and *Tillinghast v. Reed*, 70 R.I. 259, 38 A.2d 782 (1944). Oral argument on defendant's motion was heard on April 8, 1980. At that time plaintiffs acknowledged that the cases cited by defendant would bar their action, but argued that the rigid imposition of the two-year limitation period was unconstitutional, particularly as it applied to one of the minor plaintiffs who was not born at the time of the fatality. The plaintiffs concede that the constitutional issues were never raised in the trial court. The defendant responded to these assertions by asking that we apply the general principle that this court will not act on constitutional issues unless they have first been properly submitted on the record to the trial justice. *Dixon v. Royal Cab, Inc.*, R.I., 396 A.2d 930 (1979); *Town of Foster v. Lamphere*, 117 R.I. 541, 368 A.2d 1238 (1977); *Vigneau v. LaSalle*, 111 R.I. 179, 300 A.2d 477 (1973).

Despite the vigor with which the plaintiffs have relied upon their belated constitutional arguments, we are not persuaded that we should on this record make an exception to the general rule. The defendant's motion to affirm is granted.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.