## In re DAVID P.

### No. 96–464–Appeal.

Supreme Court of Rhode Island.

July 15, 1997.

Andrea J. Mendes, Aaron L. Weisman, Providence, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This matter came before the Court pursuant to an order in which we directed the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, David P., appeals from an adjudication of delinquency based upon a finding that he committed the criminal offense of driving so as to endanger, death resulting, in violation of G.L. 1956 § 31–27–1. On appeal the defendant contends that the evidence before the Family Court was legally insufficient to support an adjudication of delinquency. After reviewing the written briefs of the parties and listening to their oral arguments thereon, we are of

the opinion that cause has not been shown and we proceed summarily to decide this appeal at this time.

A trial was held in the Family Court on April 16, 17, 26 and May 3, and 6 of 1996, at which time a number of witnesses testified. The evidence before the Family Court judge disclosed that on September 24, 1995, at around 10 a.m. defendant was traveling on Metacom Avenue in Bristol, Rhode Island, at a high rate of speed. The defendant was seventeen years old at the time. At a point on Metacom Avenue defendant sped through a controlled intersection while the traffic control light displayed yellow. Witnesses testified that just after speeding through the intersection, defendant struck an elderly woman crossing the road, throwing her into the air and causing her death. The defendant told police that as he was driving, the victim stepped out from a traffic island immediately in front of him. Police who responded to the scene noted that the weather was clear and sunny. After completing their investigation, the police issued defendant a citation for speeding, lane roadway violations, and failure to maintain control.

The state presented the testimony of an accident reconstruction expert, Sergeant Carl Luther (Luther) of the Barrington police department. He testified that Metacom Avenue is a four-lane divided roadway with a sidewalk on either side and that the speed limit where the accident occurred is thirty-five miles per hour but that just beyond the accident scene, where the victim's body landed, the speed limit is twenty-five miles per hour. Luther testified, however, that based upon the length of the skid marks, his determination was that defendant was traveling at a minimum of fifty-two and a half miles per hour. He additionally testified that the brakes of defendant's car had malfunctioned but that nonetheless, if defendant had been traveling at the posted speed limit, his vehicle would have been able to stop prior to striking the victim. In Luther's expert opinion, the primary cause of the accident was defendant's excessive speed and the secondary cause of the accident was the vehicle brake malfunction.

At the conclusion of the trial the Family Court trial judge reviewed all the evidence. He found that defendant had been speeding to get through a traffic control light that was changing from yellow to red. He noted the fact that the area was a mixed residential and business district. He stated, "I think it is reckless within the meaning of the cases to drive so fast that you can't stop when you see a pedestrian 150 feet away * * * I think on that highway you have to anticipate that there may be pedestrians, * * * it is not extraordinary or unreasonable to find pedestrians out and about at quarter of ten on Sunday morning." He then concluded that the cause of the accident was defendant's reckless speed. Thereafter, he sentenced him to the Training School but suspended that sentence and placed defendant on probation until he reached twenty-one years of age. The Family Court judge additionally suspended defendant's driver's license until he turned twenty-one and ordered him to perform 250 hours of community service.

The defendant's sole contention here on appeal is that he was found to have acted recklessly merely on the basis of excessive speed and was thereby improperly adjudicated delinquent. He points to our decision in *State v. Watkins*, 448 A.2d 1260, 1267 (R.I. 1982), in support of his claim that excessive speed by itself does not necessarily establish recklessness.

We have stated on several occasions that a conviction for driving to endanger with death resulting "requires evidence that the defendant embarked on a course of conduct demonstrating a heedless indifference to the consequences of his act." *State v. Dionne*, 442 A.2d 876, 883 (R.I.1982); *see also State v. Arnold*, 122 R.I. 118, 121, 404 A.2d 490, 492 (1979); *State v. Lunt*, 106 R.I. 379, 382–83, 260 A.2d 149, 151–52 (1969). Simple negligence that would support a civil action is insufficient. *Dionne*, 442 A.2d at 883.

With regard to defendant's contention that speed alone will not necessarily establish recklessness, we have explained that

"[r]ecklessness, like negligence, must be related to time, place, persons and surrounding circumstances and be measured by them. Excessive speed under some

circumstances may amount to mere negligence and under other circumstances it may constitute willful or wanton disregard of the safety of others." *Lunt,* 106 R.I. at 383, 260 A.2d at 152.

That proposition we made clear in *Watkins,* the case upon which defendant relies.

In this case, relying upon the trial facts before us, we are of the opinion that the Family Court judge properly concluded that the defendant's driving and behavior amounted to recklessness. The evidence before him showed not only that the defendant was traveling at least seventeen miles above the speed limit but that he was running through a traffic control signal that was displaying yellow and that he was traveling where pedestrians could reasonably be expected to be present on a Sunday morning in a mixed business and residential area surrounded by houses, businesses, churches, and an elderly living complex. The evidence also disclosed that the victim was actually in the middle of the road when she was struck, despite the defendant's statement that the victim had just stepped out in front of him, and that the weather conditions that Sunday were clear with good visibility. We conclude in the circumstances present that, when viewed in connection with the defendant's excessive speed, more than legally sufficient evidence existed to support the Family Court judge's finding of delinquency. *See, e.g., State v. Northup,* 486 A.2d 589 (R.I.1985); *State v. Dionne,* 442 A.2d 876 (R.I.1982).

For the foregoing reasons the defendant's appeal is hereby denied and dismissed. The papers are remanded to the Family Court.

GOLDBERG, J., did not participate.