STATE

v.

Philip M. CHAMPAGNE.

No. 94–216–C.A.

Supreme Court of Rhode Island.

Dec. 11, 1995.

Aaron Weisman, Asst. Atty. Gen., Kathleen Chaloux, Sp. Asst. Atty. Gen., Providence, for Plaintiff.

Lauren Jones, John L. Cosentino, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 2, 1995, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Philip M. Champagne, appeals from a judgment of conviction entered following a trial before a Superior Court justice sitting without a jury. The trial justice found the defendant guilty of embezzlement in violation of G.L.1956 (1981 Reenactment) § 11–41–3.

After hearing counsel in oral argument and after reviewing the memoranda submitted by the parties, including counsels' post-argument memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

This case arose out of a transfer of real property executed by defendant, a closing attorney for a certain buyer, wherein a sum of $50,000 was received and deposited in escrow to handle obligations arising out of that sale. The seller testified that he never received any of the funds held in escrow. Commonwealth Land Title Insurance Company (Commonwealth) employed defendant who was regularly assigned the company's most complicated commercial closings. The $50,000 in question was held in an escrow account at Hospital Trust and the other funds involved in the closing were disbursed. Commonwealth's bookkeeper testified at trial that in November of 1988 defendant directed her to close the Hospital Trust account by making a check payable to his broker Drexel, Burnham, Lambert, Inc. (Drexel). The defendant's broker testified that Commonwealth's check for $50,864.08 was applied to defendant's account in November of 1988. At the conclusion of the state's case defen-

dant moved for a judgment of acquittal, and his motion was denied.

The defendant admitted to authorizing the $50,864.08 disbursement to Drexel, but asserts that at the time he thought, "I could use the money as the money was [the buyer's]." The defendant explained that prior to drawing the check, he called the buyer's company, Associated Developers. He also testified that he called counsel for the seller who, according to defendant, said he had received all the money to which he thought he was entitled. The defendant testified that he believed the money belonged to the buyer but did not return the money "[b]ecause I was allowed to use it." The defendant did return the $50,000 to the buyer approximately four years later, "[a]fter it became an issue in the RISDIC hearing," but kept $894 in interest.

After defendant rested, the state called a detective-corporal of the Rhode Island State Police assigned to assist the RISDIC commission with its investigation of the credit union crisis. The detective interviewed defendant with regard to the $50,000 disbursement to Drexel. He testified that defendant explained:

> "[T]here was $50,000 left in an escrow account from Associated Developers, and that he contacted Mr. Pariseault, one of the sellers, and asked him if that was his money, and Mr. Pariseault said no. And he decided to put this money into his Drexel, Burnham, account 'til anyone could tell him who the monies belonged to, and at that time he would give it back."

During this interview defendant never stated that he was authorized to make the disbursement to Drexel.

The trial justice found that the state proved defendant guilty of embezzlement beyond a reasonable doubt. The trial justice correctly noted that the element of embezzlement at issue was whether defendant intended to appropriate and convert the property to his own use and to permanently deprive another of the use of that property. The trial justice rejected defendant's testimony and characterized his explanation of the $50,864.08 transaction as "inconceivable" in light

of defendant's experience in the area of real estate closings.

 On appeal defendant challenges the trial justice's denial of his motion for a judgment of acquittal and his motion for a new trial. In support of his argument, defendant asserts that the state failed to prove his intent permanently to deprive another of the $50,864.08. However, our review of the record indicates that the trial justice applied the appropriate standard in ruling on defendant's judgment of acquittal. The evidence when viewed in a light most favorable to the state was "capable of generating proof of guilt beyond a reasonable doubt" that defendant intended to deprive the principal of his money permanently. *State v. Caruolo*, 524 A.2d 575, 581 (R.I.1987). The record reflects that the defendant diverted the funds to his own personal account and returned the money approximately four years later only after the RISDIC investigation. A reasonable inference of an intent to permanently deprive the true owner of that money is clear.

 A motion for a new trial in a criminal case tried by a judge without a jury is of limited effectiveness. It affords a defendant an opportunity to convince the trial justice that he or she was wrong in his or her factual findings. The trial justice in this case denied the motion. Our standard of review is the same as would be applied to the trial justice's factual findings on the merits. Such determinations are entitled to great weight and will not be disturbed unless the trial justice has overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *State v. Howard*, 114 R.I. 731, 738, 339 A.2d 259, 263 (1975). That burden has not been met in this case by defendant.

 The defendant's third argument on appeal is equally without merit. The defendant argues that the trial justice erred by admitting evidence of the RISDIC investigation by the State Police detective. The defendant has failed to show why reference to the RISDIC investigation should have been excluded. The defendant himself testified that he returned the money to the buyer "[a]fter it became an issue in the RISDIC hearing"; therefore, the detective's testimony was innocuous at best.

For all these reasons the defendant's appeal is denied and dismissed. The judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.