In the Matter of Philip
M. CHAMPAGNE.

No. 93–659–M.P.

Supreme Court of Rhode Island.

May 30, 1996.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

Lauren Jones, Providence, for Respondent.

## OPINION

PER CURIAM.

This matter is before the court pursuant to a petition filed by the chief disciplinary counsel to revoke the license to practice law of the respondent, Philip M. Champagne. Article III, Rule 24, of the Supreme Court Rules of Disciplinary Procedure provides:

"An attorney admitted to practice in this State who is convicted in a court of record of a crime which is punishable by imprisonment for more than one (1) year in this or any other jurisdiction may * * * be ordered to appear before the court to show cause why his or her admission to the bar should not be revoked or suspended."

The pertinent facts giving rise to this disciplinary proceeding are as follows. On November 23, 1993, respondent was found guilty after trial of embezzlement in violation of G.L.1956 § 11–41–3. It was the finding of the trial court, sitting without a jury, that respondent had converted the sum of $50,-864.08 from the settlement proceeds of a real estate closing for his own use, with the intent permanently to deprive another of the use of that property. The trial court sentenced respondent to a term of five years, of which three years were to be served in home confinement and two years were suspended. The respondent was further sentenced to a term of two years of probation to commence upon his release from home confinement and was ordered to make full restitution to the appropriate party.

The respondent appealed his conviction to this court. While his appeal was pending, respondent was ordered to limit his practice to his then-present employment with a title insurance company and was prohibited from having access to the funds of clients or third parties. On December 11, 1995, respondent's appeal was denied and dismissed and the judgment of conviction affirmed. *State v. Champagne*, 668 A.2d 311 (R.I.1995). The respondent is presently serving the sentence imposed by the trial court.

Rule 8.4(b) of article V of the Supreme Court of the Rules of Professional Conduct provides that "[i]t is professional misconduct for a lawyer to * * * commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." The respondent has been convicted of the crime of embezzlement of funds entrusted to his care. This conduct, which is directly related to respondent's practice of law, is a clear violation of Rule 8.4(b) and must result in the imposition of professional discipline. The only issue for this court to decide is the level of discipline to impose. The respondent requests that this court impose a sanction less severe than disbarment.

The purpose of professional discipline is not to punish the attorney but to protect the public and maintain the integrity of the profession. The public has a right to expect that attorneys admitted to the practice of law

in this state will maintain the highest ethical standards. The reputation for integrity of all attorneys is tarnished when a lawyer commits a serious felony related to his or her practice of law. Public confidence can best be restored when the most serious discipline is imposed in these circumstances.

Therefore, it is ordered and directed that the respondent, Philip M. Champagne, be and hereby is suspended from the practice of law for a period of three years.