STATE

v.

**Robert T. DUFFY.**

No. 96–634–C.A.

Supreme Court of Rhode Island.

Dec. 12, 1997.

Aaron L. Weisman, Andrea J. Mendes, Providence.

Edward J. Romano, Providence.

**ORDER**

This case came before the court for oral argument December 2, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Robert T. Duffy, has appealed from a judgment of conviction of three counts of second degree child molestation. Following his conviction, the defendant was sentenced to concurrent sentences of 30 years imprisonment for each count of sexual assault, 15 years to serve and the remaining 15 years suspended with a 15–year period of probation which will commence upon his release. The victims of the molestation were Raymond E. and Dawn J. The testimony of the children supported a finding that defendant had placed his hand into the private area of Dawn and rubbed the area for approximately one and one-half minutes before he desisted. This event occurred soon after Dawn and Raymond had arrived at defendant's apartment to do household chores.

On another occasion Raymond testified that defendant rubbed his back, buttocks, and "butt hole" while rubbing cream on the defendant's own penis for approximately two minutes. Raymond further related to his physician that defendant had pulled down Raymond's trousers and inserted two fingers into Raymond's rectum. After these incidents defendant admonished Raymond not to tell anyone or "he would kill me."

The defendant denied that he had molested the children in any way though he admitted that they were in his house for the purpose of assisting him in cleaning it. He added that he had to ask them to leave when the children had an altercation over the use of the vacuum cleaner. He also testified that Raymond's mother had requested a loan from him in the amount of $300 and that he had refused. Raymond's mother denied ever having asked defendant for any money.

At the conclusion of the testimony, the trial justice who tried the case without the intervention of a jury made the following comment:

"The youngsters' testimony on all of the important points was consistent, and any incongruities or inconsistencies related only to purely collateral issues and collateral facts. On the substantive issues, the important issues, their testimony was clear.

" * * *

"In my observations, both Raymond and Dawn were totally credible, and I am convinced beyond any doubt that this defendant sexually assaulted them."

Following this comment, the trial justice found the defendant guilty of two counts of second degree child molestation against Raymond and one count of second degree child molestation against Dawn. Thereafter, defendant in accordance with the provisions of Rule 33 of the Superior Court Rules of Criminal Procedure moved for a new trial, apparently on the ground of insufficiency of the evidence. We have recognized such a motion in *State v. Champagne*, 668 A.2d 311 (R.I. 1995). We commented in that case on such a motion in the following terms:

"A motion for a new trial in a criminal case tried by a judge without a jury is of limited effectiveness. It affords a defendant an opportunity to convince the trial justice that he or she was wrong in his or her factual findings. The trial justice in this case denied the motion. Our standard of review is the same as would be applied to the trial justice's factual findings on the merits. Such determinations are entitled to great weight and will not be disturbed unless the trial justice has overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *State v. Howard*, 114 R.I. 731, 738, 339 A.2d 259, 263 (1975)."

The defendant's sole issue on appeal is his challenge to the denial of his motion for a new trial. Applying the standard set forth in *State v. Champagne*, 668 A.2d at 313, we conclude from our examination of the record that the trial justice did not overlook or misconceive relevant and material evidence, nor was she otherwise clearly wrong. In the analysis of the evidence she commented:

"I remain convinced that the elements of Counts 2, 3, and 4 in this case have been established. Again, the issue here is rather one of credibility, and the Court will stand by its decision that both of these young victims and witnesses are deserving and worthy of having their testimony fully credited. I believed them then, and I still believe everything they said concerning the harm that was done to them by this defendant."

In our opinion, the trial justice's summary of her determination of credibility is entitled to great weight and on the basis of the evidence in this case, the defendant has not met the burden of persuading us that the trial justice committed any error in denying defendant's motion for a new trial.

Consequently, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed, and the papers in the case may be remanded to the Superior Court.