**STATE**

v.

**George RAYMOND.**

No. 2000–260–C.A.

Supreme Court of Rhode Island.

May 9, 2002.

Annie Goldberg, Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

The defendant, George Raymond (defendant), was convicted of assault with the intent to commit robbery after a jury-waived trial. He sought a new trial pursuant to Rule 33 of the Superior Court Rules of Criminal Procedure. The trial justice denied his motion and sentenced him to fifteen years at the Adult Correctional Institutions, with five years to serve. This case came before the Court for oral argument on April 9, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by

this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

At approximately 3 a.m. on February 1, 1998, defendant approached a taxicab that was parked at Kennedy Plaza in Providence. The driver of the taxicab, Edward Northrup (Northrup), testified that defendant tapped on his window and told him that he had just left his employment at a local bar and needed a ride home. The defendant entered the vehicle and asked to be taken to Potters Avenue in Providence, but when prompted for further information by Northrup, defendant refused to give a more specific location. Eventually, defendant made his request more detailed. Because Northrup was suspicious of defendant's behavior, before he began to drive he asked defendant a question about his employment. When the location of the bar where defendant allegedly worked did not match Northrup's knowledge of where the bar was located, he decided to start the route by driving by an area where Providence police vehicles usually conducted surveillance.

By the time Northrup reached the area with police presence, defendant had crouched down low in his seat. Northrup stopped the taxi and asked defendant to submit his fare "up front." The defendant sat up, reached around Northrup's shoulders and neck with one arm and put a butcher knife to Northrup's face with the other arm. The defendant then told Northrup to "[g]ive me your f[ ]ing money." After Northrup alerted defendant to the patrol cars nearby, defendant exited the vehicle, discarded the knife, and began to walk away. Northrup warned the police officers that defendant had a knife. The defendant was arrested and charged with assault with the intent to commit robbery. A Superior Court bench trial commenced.

Three Providence police officers testified at trial. Sergeant Michael Figuerido (Sgt. Figuerido) testified that his vehicle was parked near Citizens Bank at the corner of Westminster and Cranston Street, in the early morning of February 1, 1998. Sergeant Figuerido testified that he saw Northrup's taxi approaching and then heard him sound the horn. He testified that he saw defendant exit the vehicle and walk away. After Northrup shouted to the officers that defendant had tried to rob him, Sgt. Figuerido detained and arrested defendant. Officer Jason Bibeault (Officer Bibeault), who also was at the scene, testified that he saw defendant throw an object, later determined to be a knife. Officer Scott McGregor (Officer McGregor) corroborated Officer Bibeault's testimony.

The trial justice found that Northrup was a more credible witness than defendant, and found defendant guilty. The trial justice denied defendant's motion for a new trial. The defendant timely appealed.

## II

### Motion for a New Trial

 Pursuant to Rule 33, a trial justice sitting without a jury may not, upon defendant's motion, order a new trial *per se*, but instead "may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment." *See also State v. Dunn,* 726 A.2d 1142, 1146 (R.I.1999). Because the trial justice's ability to grant relief is restricted after a jury-

waived trial, this type of motion "is of limited effectiveness. It affords a defendant [only] an opportunity to convince the trial justice that he or she was wrong in his or her factual findings * * *." *State v. Duffy,* 705 A.2d 992, 993 (R.I.1997) (mem.) (quoting *State v. Champagne,* 668 A.2d 311, 313 (R.I.1995)).

 Our review of such a determination is similarly limited. "Our standard of review is the same as would be applied to the trial justice's factual findings on the merits. Such determinations are entitled to great weight and will not be disturbed unless the trial justice has overlooked or misconceived relevant and material evidence or was otherwise clearly wrong." *Id.* (quoting *Champagne,* 668 A.2d at 313).

In conducting his examination of the evidence, the trial justice aptly noted that the determination of guilt rested mostly upon the credibility of Northrup over that of defendant. During his evaluation of the motion for a new trial, he remained satisfied that Northrup's testimony was truthful and that he had made no error in reaching his factual findings. Furthermore, he noted that defendant did not dispute his position in the taxicab, nor the fact that he was carrying a knife in his lap, which corroborated Northrup's testimony.

We conclude from our examination of the testimony that there is no evidence that the trial justice overlooked or misconceived relevant and material evidence or was otherwise clearly wrong.

### Conclusion

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case are remanded to the Superior Court.