STATE

v.

**James J. BROOKS.**

**No. 2002–68–C.A.**

Supreme Court of Rhode Island.

March 10, 2003.

---

Jane M. McSoley, Providence, for Plaintiff.

Janice M. Weisfeld, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Appealing after a nonjury criminal trial from Superior Court convictions for felony assault with a dangerous weapon and malicious destruction of property, the defendant, James J. Brooks, challenges the trial justice's denial of his motion for a new trial. A single justice of this Court ordered the parties to show cause why the Court should not decide this appeal summarily. Because they have not done so, we proceed to decide the appeal at this time.

The convictions arose from an altercation that took place on July 30, 1999. The victim, Steven Carvalho, was driving his car along Brayton Road in Tiverton when he encountered defendant lying on the street. The victim testified that when he got out of his car to ask defendant whether he was hurt, defendant began screaming and acting "like a wild man" before asking the victim to run him over. The defendant alleged in his testimony that he wanted to be run over by a car because he blamed himself for his father's death that occurred on the same day as the altercation with the victim. As he walked back toward his car, the victim remembered only a "glimpse of movement;" his next memory was getting up from the pavement with a bloody knee, blurry vision, and feelings of disorientation. He testified that defendant threw a rock at his car as he was driving off, resulting in a "good-sized dent."

The defendant admitted to striking the victim, but maintained that the victim had struck him first. The defendant also testified that, as the victim drove away, he slowed his car down, which prompted defendant to fear that the victim was returning to hurt him. In response, defendant indicated that he threw a rock on the ground, which bounced and hit the victim's car. The defendant testified that he then ran away and encountered his friend, Jonathan Cotton. He said he told Cotton that the victim had struck the first blow. The defendant testified that Cotton told him that he had witnessed the entire confrontation and agreed with defendant's account of it.

Cotton testified that he observed the altercation from defendant's tree-lined driveway at a point where it curves and then proceeds straight out to the street, about sixty yards from the road. While acknowledging that the driveway was slightly wider than the width of a car and that it contained a pickup truck "almost in the middle" of the driveway, Cotton asserted that the truck did not prevent him from observing the altercation, and that he had a full, unobstructed view of what happened. The defendant testified that the driveway was wide enough to accommodate passing cars and could perhaps accommodate three cars parked side to side near the end.

Officer Eric Gifford (Officer Gifford), the Tiverton police officer who responded to the victim's 9-1-1 call, testified that Cotton told him that he had been in defendant's house and did not witness the inci-

dent. In addition, Officer Gifford testified that he encountered defendant's brother, Thomas Brooks, who also denied witnessing the incident.

The defendant was charged in a four-count information with: (1) felony assault with a dangerous weapon, (2) malicious destruction of property (that is, the victim's vehicle), (3) disorderly conduct (specifically, obstructing a public highway; fighting; and engaging in threatening, violent, and tumultuous behavior), and (4) malicious injury to property (specifically, an overhead light at the Tiverton police station). The trial justice found defendant guilty on counts 1 and 2, but not guilty on counts 3 and 4. The defendant filed a motion for a new trial, in which he argued that the trial justice had relied upon the position of the parties in the driveway in assessing Cotton's credibility. The defendant sought to introduce additional evidence to bolster his claim that Cotton's view of the altercation was unobstructed. Specifically, defendant maintained that Cotton had erred when he said the pickup truck was parked in the driveway during the incident. He sought to introduce additional testimony from Cotton and defendant's mother to show that the truck had been moved to the driveway only after the confrontation had concluded. The defendant also questioned the credibility of Officer Gifford, who, according to defendant, testified that he had not spoken with a mental-health worker, when the worker testified that she had spoken with him. Furthermore, defendant sought to have the court take a view of his driveway to demonstrate that it would have been possible for Cotton to observe the incident from where he stood. Lastly, defendant questioned the lack of medical testimony presented at trial about the victim's professed memory loss.

The trial justice denied defendant's motion, quoting this Court's observation that "[a] motion for a new trial in a criminal case tried by a judge without a jury is of limited effectiveness." *State v. Champagne*, 668 A.2d 311, 313 (R.I.1995) (per curiam). Furthermore, the trial justice cited *State v. DiMuccio*, 106 R.I. 219, 223, 258 A.2d 67, 69 (1969), in which this Court stated that in cases involving jury-waived criminal trials, a motion for a new trial is limited to the grounds of newly discovered evidence. The evidence that defendant sought to introduce, she ruled, did not qualify as newly discovered because it was available to defendant at the time of the trial and was relevant only to questions of credibility.

In her decision, the trial justice noted that "in a jury-waived trial, the [c]ourt's focus should be on whether the defendant is able to come forth with any newly-discovered evidence that would justify the [c]ourt in vacating the previously entered judgment and taking new testimony." The trial justice analyzed whether the evidence defendant sought to present upon any reopening of the case could be considered "newly discovered," and she concluded that it was not. She noted that whether Cotton noticed a truck in the driveway merely presented a question of credibility. In addition, she decided that defendant's mother, who was present and testified during trial, could have been asked about the location of the truck at the time of the incident. The trial justice also determined that the testimony of Officer Gifford was credible, despite some apparent inconsistencies with the testimony of defendant's witnesses.

## Analysis

 A motion for a new trial[1] in a nonjury criminal case is of "limited effec-

---

1. In a criminal case, a motion for a new trial based on newly discovered evidence should

tiveness" because it merely "affords a defendant an opportunity to convince the trial justice that he or she was wrong in his or her factual findings." *Champagne*, 668 A.2d at 313. On appeal, we apply the same standard of review as would be applied to the trial justice's factual findings on the merits. *Id.* "Such determinations are entitled to great weight and will not be disturbed unless the trial justice has overlooked or misconceived relevant and material evidence or was otherwise clearly wrong." *Id.* (citing *State v. Howard*, 114 R.I. 731, 738, 339 A.2d 259, 263 (1975)). In *State v. Dunn*, 726 A.2d 1142, 1146 (R.I. 1999), we recognized that Rule 33 of the Superior Court Rules of Criminal Procedure does not authorize a trial justice to grant a new trial per se after a jury-waived criminal trial. Rather, the rule provides that a trial justice "may vacate the judgment * * * take additional testimony and direct the entry of a new judgment." *Dunn*, 726 A.2d at 1146 (quoting Rule 33). *See also State v. Raymond*, 796 A.2d 459, 460–61 (R.I.2002) (per curiam). In *Dunn*, we emphasized that a defendant must set forth the particular grounds upon which he seeks the relief requested. *Dunn*, 726 A.2d at 1146; *see* Super. R.Crim. P. 47.

In this case, defendant did not specifically state that his new-trial motion was based upon newly discovered evidence, but he seemed to indicate that additional evidence could be presented to show that Cotton had an unobstructed view of the incident. The trial justice concluded that this evidence could have been presented during the trial and was relevant only to the question of Cotton's credibility. As the trial justice put it: "This is just nothing new."

With respect to defendant's questioning of Officer Gifford's testimony and the asserted lack of supporting evidence at trial for the victim's professed loss of memory, the trial justice indicated that it was unnecessary for the court to reconsider all the evidence:

"because the nature of the jury-waived trial means that at the time the [c]ourt is giving the verdict, that is exactly what the [c]ourt's obligation is at that point; to evaluate the evidence, to weigh the credibility of the witnesses, and to make a decision based upon the evidence that has come before the [c]ourt."

We agree.

In short, we conclude that the trial justice's assessment of this proffered evidence was correct. She indicated that she listened carefully to the testimony of the witnesses at trial and reviewed the evidence presented. Applying the law governing motions for new trials, she could discern no reason to vacate the judgment entered.

We are of the opinion that the trial justice was not clearly wrong, nor did she overlook or misconceive material evidence

---

not be granted unless the evidence adduced in support of the motion satisfies a two-pronged test. In *State v. L'Heureux*, 787 A.2d 1202 (R.I.2002), we explained:

"The first part is a four-prong inquiry that requires that the evidence be (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material to the issue upon which it is admissible, (4) of the type which would probably change the verdict at trial. * * * Once this first prong is satisfied, the second prong calls for the hearing justice to determine if the evidence presented is 'credible enough to warrant a new trial.'" *Id.* at 1207–08 (quoting *State v. Gomes*, 690 A.2d 310, 321 (R.I.1997) and *State v. Hernandez*, 641 A.2d 62, 72 (R.I. 1994)).

The record reveals that the trial justice in this case complied with the above-mentioned standard.

in denying the defendant's Rule 33 motion. Therefore, we deny the appeal and affirm the convictions.